# COX *v.* WOOD, COMMANDANT OF CAMP FUNSTON, IN THE STATE OF KANSAS.

APPEAL FROM THE DISTRICT COURT OF THE UNITED STATES FOR THE DISTRICT OF KANSAS.

No. 833. Argued April 17, 18, 1918.—Decided May 6, 1918.

Congress may conscript for military duty in a foreign country; the militia clause is not a limitation upon the war power. *Selective Draft Law Cases*, 245 U. S. 366, followed.

Passages in appellant's brief are found scandalous and impertinent, but it is deemed unnecessary to strike them from the files.

Affirmed.

THE case is stated in the opinion.

*Mr. Hannis Taylor,* with whom *Mr. Joseph E. Black* was on the briefs, for appellant.

*The Solicitor General* for appellee.

MR. CHIEF JUSTICE WHITE delivered the opinion of the court.

The appellant, conformably to the Selective Draft Law of May 18, 1917, c. 15, 40 Stat. 76, was called to compulsory military duty and in December, 1917, was en-

gaged in performing it at Camp Funston, Kansas. On the third of that month he petitioned for a writ of habeas corpus to be directed to the general commanding the camp to discharge him from further service. The ground of the petition was that, although Congress had the power to call the citizens of the United States, the national militia, to compulsory service in virtue of the militia clause of the Constitution (Article I; § 8), that power was limited to the character of services specified in the militia clause, viz: "To execute the laws of the Union, suppress insurrections and repel invasions." Further alleging that it had been officially declared that the call to service for which the draft had been made under the act was avowedly for the purpose of military duty in a foreign country, it was charged that the call was illegal and the right to the writ existed. Before the allowance of a rule on the petition, through the United States district attorney, the general who was named as respondent in the petition moved to dismiss because the facts alleged constituted no ground for the relief which was prayed and hence, as a return stating such facts would require a discharge of the rule for habeas corpus if issued, none should be ordered. On the 20th of December the matter was submitted by consent of the United States district attorney and the petitioner to the court for its action upon the petition and the motion to dismiss. On the 4th of January, 1918, the court sustained the motion of the district attorney and dismissed the petition. In the opinion by which this conclusion was sustained it was pointed out, conformably to the statement which we have made concerning the petition, that the "petitioner, after affirming the validity of said Conscription Act of May 18, 1917, pleads what he calls his constitutional immunity from military service beyond the territorial limits of the United States. Such claim of constitutional immunity rests upon the contention that no conscription act can be

passed except under that part of § 8, Art. I, of the Constitution, which provides that 'The Congress shall have power . . . to provide for calling forth the militia to execute the laws of the Union, suppress insurrections and repel invasions'. . . ." On the day the judg-ment was rendered, January 4th, an appeal to this court was prayed and allowed, the assignments of error then made for that purpose reasserting the want of power in Congress to require a citizen to render compulsory military service beyond the territorial limits of the United States.

When on December 3rd the petition was filed in the lower court, various cases calling in question the constitutionality of the Selective Draft Law of May 18, 1917, were on the docket of this court and approaching hearing; and they were argued here on December 13th and 14th, before the decision below was rendered, January 4th, sustaining the motion to dismiss. Before that argument, however, at the request of counsel for the present appellant, permission was given to file a brief in those cases as a friend of the court and such brief was filed and considered in passing upon the cases which were decided on January 7th, 1918. *Selective Draft Law Cases*, 245 U. S. 366.

Coming to consider the elaborate contentions and arguments supporting them made in the present case, it is indisputable that they all rest upon the assumption as to the exclusive character of the delegation made to Congress by the militia clause (Article I, § 8) and the restriction, as to the use of the military force raised under such delegation, resulting from the provisions in the clause relied upon, that is, the prohibition of compulsory service beyond the territorial limits of the United States. But we are of opinion that we are not now called upon to consider these contentions as a matter of original inquiry, because the fundamental mistake upon which all the

arguments rest, and the error in the conclusion which they
are advanced to sustain, were pointed out and conclusively
established by the decision sustaining the Selective Draft
Law recently announced in the *Selective Draft Law Cases*,
245 U. S. 366. This result is apparent since on the face
of the opinion delivered in those cases the constitutional
power of Congress to compel the military service which
the assailed law commanded was based on the following
propositions: (a) That the power of Congress to compel
military service and the duty of the citizen to render it
when called for were derived from the authority given to
Congress by the Constitution to declare war and to raise
armies. (b) That those powers were not qualified or
restricted by the provisions of the militia clause, and
hence the authority in the exercise of the war power to
raise armies and use them when raised was not subject
to limitations as to use of the militia, if any, deduced from
the militia clause. And (c) that from these principles it
also follows that the power to call for military duty under
the authority to declare war and raise armies and the
duty of the citizen to serve when called were coterminous
with the constitutional grant from which the authority
was derived and knew no limit deduced from a separate,
and for the purpose of the war power, wholly incidental,
if not irrelevant and subordinate, provision concerning
the militia, found in the Constitution. Our duty to affirm
is therefore made clear.

But before so ordering, we must notice a suggestion
made by the Government that, because of impertinent
and scandalous passages contained in the brief of the
appellant, the brief should be stricken from the files.
Considering the passages referred to and making every
allowance for intensity of zeal and an extreme of earnest-
ness on the part of counsel, we are nevertheless con-
strained to the conclusion that the passages justify the
terms of censure by which they are characterized in the

suggestion made by the Government. But despite this conclusion, which we regretfully reach, we see no useful purpose to be subserved by granting the motion to strike. On the contrary, we think the passages on their face are so obviously intemperate and so patently unwarranted that if, as a result of permitting the passages to remain on the files, they should come under future observation, they would but serve to indicate to what intemperance of statement an absence of self-restraint or forgetfulness of decorum will lead, and would therefore admonish of the duty to be sedulous to obey and respect the limitations which an adhesion to them must exact.

*Affirmed.*