**UNITED STATES v. HERLING, and four other cases.**

Nos. 319–323.

Circuit Court of Appeals, Second Circuit.

June 2, 1941.

Mathias F. Correa, U. S. Atty., of New York City (Robert L. Werner, Asst. U. S. Atty., of New York City, on the brief), for the United States.

James Lipsig, of New York City (Julien D. Cornell and Joseph G. Glass, both of New York City, Morris H. Wolsky, of New York City, and Leonard Lazarus, of Jamaica, L. I., N. Y., on the brief), for appellants.

Before SWAN, AUGUSTUS N. HAND, and CLARK, Circuit Judges.

PER CURIAM.

The validity of the Selective Training and Service Act of 1940, § 1 et seq., 50 U.S.C.A. Appendix, § 301 et seq., and the regulations thereunder, is clear under the decisions sustaining similar legislation of 1917, 50 U.S.C.A. Appendix, § 201 et seq. Selective Draft Law Cases, 245 U. S. 366, 38 S.Ct. 159, 62 L.Ed. 349, L.R.A. 1918C, 361, Ann.Cas.1918B, 856; Cox v. Wood, 247 U.S. 3, 38 S.Ct. 421, 62 L.Ed. 947; Hamilton v. Regents of the University of California, 293 U.S. 245, 262, 55 S.Ct. 197, 79 L.Ed. 343; United States ex rel. Bergdoll v. Drum, 2 Cir., 107 F.2d 897, 129 A.L.R. 1165, certiorari denied 310 U.S. 648, 60 S.Ct. 1098, 84 L.Ed. 1414. To attempt a distinction because the present Act applies, though no formally declared war exists, is to import a difference which does not appear in the Constitution itself, Art. 1, Sec. 8, cl. 12, and which was definitely repudiated in the cited cases. Compare the well-reasoned opinions of Bondy, D. J., in ruling on demurrers to the indictments herein, United States v. Rappeport, D.C. S.D.N.Y., 36 F.Supp. 915, and of Fee, D. J., in Stone v. Christensen, D.C.Or., 36 F.Supp. 739. The indictments were adequate to give fair notice of the crime charged, Ruthenberg v. United States, 245 U.S. 480, 483, 38 S.Ct. 168, 62 L.Ed. 414; there was no reason for a continuance to procure evidence as to an emergency vel non, since that was ir-

relevant to the validity of the law; and the trials of those accused who did not eventually plead guilty were as fair and adequate as possible under the circumstances of obstruction which the accused felt themselves obliged to present. Indeed, appellants' guilt was indisputable once the Act was found valid.

Affirmed.