**ANDERSON et al. v. FEDERAL CART-
RIDGE CORPORATION.**

No. 13312.

Circuit Court of Appeals, Eighth Circuit.

July 17, 1946.

Rehearing Denied Sept. 3, 1946.

Harrison E. Fryberger, of Minneapolis, Minn., for appellants.

Linus J. Hammond, Asst. U. S. Atty., of St. Paul, Minn. (Victor E. Anderson, U. S. Atty., of St. Paul, Minn., on the brief), for appellee.

Before GARDNER, and THOMAS, Circuit Judges, and DUNCAN, District Judge.

GARDNER, Circuit Judge.

This was an action to recover overtime compensation, liquidated damages, and at-torney fees alleged to be due by reason of the provisions of the Fair Labor Standards Act of 1938, 29 U.S.C.A., §§ 201–219. By its answer defendant pleaded that plaintiffs qualified as exempt employees and for that reason were not within the overtime provisions of the Fair Labor Standards Act. The parties will be referred to as they were designated in the trial court. There were a great number of individuals named as plaintiffs, but on the suggestion of the court twelve representative cases were selected for trial and the remaining cases held in abeyance until the determination of this action.

The action was tried to the court without a jury, resulting in findings and conclusions of law to the effect that the duties, responsibility and work performed by nine of the plaintiffs were such that they qualified as exempt executive and administrative employees within the meaning of the Act, but that the remaining three did not so qualify. Pursuant to these findings the court entered judgment for the defendant in the cases ·of Joseph Klug, Harry F. Brown, Walter W. King, Frode Anderson, Walter Hakanson, John B. Elliott, George R. Johnson, John F. Carlson and Leo A. Day, and judgment for plaintiffs in the cases of Donald W. Stewart, George F. Owen and Joseph L. Graen. From the judgments entered an appeal was perfected on behalf of all plaintiffs, including those recovering judgments against defendant. Plaintiffs Donald W. Stewart and George F. Owens filed motions to dismiss the appeals as to them, each asserting that he was satisfied with the judgments recovered and that the appeal as to him was unauthorized. We accordingly dismissed the appeals as to said plaintiffs without prejudice to the appeals of any of the other plaintiffs.

On this appeal appellants seek reversal on substantially the following classes of alleged errors: (1) Error in adopting a fluctuating hour week formula in calculating or measuring the ₒamount due plaintiffs; (2) error in various rulings as to the admissibility of evidence; (3) error in unduly restricting the cross-examination of defendant's witnesses; (4) error in making findings in favor of defendant; (5)

error in expunging certain assignments of error set forth by plaintiffs in their notice of motion for a new trial.

Preliminary to a consideration of the issues sought to be presented we shall refer to the condition of the record. Rule 11 of this court which refers to the contents of briefs and records, provides that a brief shall contain, among other things:

"Fourth.—A separate and particular statement of each assignment of error (in criminal cases), or of each point relied upon (in civil cases), intended to be urged, with the record page thereof. If an error assigned or point relied upon relates to the admission or exclusion of evidence, the statement shall quote the evidence referred to and the pertinent objections or exceptions taken, together with the rulings of the court thereon, giving the pages of the printed record on which the quotations appear. * * *."

In the points relied upon as printed in appellants' brief, counsel do not point to any concrete action of the court or specific ruling which is challenged as erroneous, but the points go to the entire case or the theory upon which the court decided the issues. For instance, Point 1 reads as follows:

"The record discloses that the trial court possessed an entire misconception of the law of this case, and each and all his rulings, findings and decisions were controlled or influenced by his misconception of the law. This misconception was evidenced by his rulings as to the formula to be selected, the relief to be granted, by his failure to observe the doctrine of judicial notice, as to burden of proof, by his commission of some 815 reversible errors of law involving substantial rights of the plaintiffs or one or more of them; that the proceedings at the trial may well be the most erroneous of those adopted in any case in the annals of the Eighth Circuit Court of Appeals. These misconceptions are also further outlined in succeeding points * * *."

The foregoing may be said to be typical but one or two more will be given.

Point IV is as follows:

"The trial court erred in its assumption that the case of Snyder v. Wessner, D.C., 55 F.Supp. 971, a case concerning the personnel of a tailor shop, is controlling in this suit, although the case at bar involves a war plant controlled by the United States Army * * *."

Point V is as follows:

"The refusal or failure of the trial court to take judicial notice of the decision of McCandless v. United States, 298 U.S. 342–347, 56 S.Ct. 764, 80 L.Ed. 1205, must be regarded as a very extreme error from whatever angle the same is viewed * * *."

Point VIII is as follows:

"The trial court erred in its violation of the rule laid down by the United States Supreme Court in Manning v. Insurance Co., 100 U.S. 693–698, 25 L.Ed. 761, to the effect there must be some open and visible connection between the principal or evidentiary matter and the deductions to be made therefrom, and does not permit a decision to be made upon remote inferences. (Reference is hereby made to Point VIII as found in record, pages 1066–1067, and especially to the items a, b, c, d, e and f in our argument of Point X, R. 1067–1068) * * *."

These points challenge no specific action or ruling of the court. The purpose of the rule requiring that appellant's brief shall contain a separate and particular statement of each point relied upon is to point out to the appellate court and to opposing counsel the specific ruling or action which is challenged as erroneous without going beyond the assignment itself, and to limit the presentation in the appellate court to the matters in the points or specifications as stated in the brief. Cohen v. United States, 8 Cir., 142 F.2d 861; E. R. Squibb & Sons v. Mallinckrodt Chemical Works, 8 Cir., 69 F.2d 685; Hard & Rand v. Biston Coffee Co., 8 Cir., 41 F.2d 625; Butler v. United States, 8 Cir., 108 F.2d 27; Ed S. Michelson, Inc. v. Nebraska Tire & Rubber Co., 8 Cir., 63 F.2d 597. The error assigned must be sufficiently specific so that the at-

tention of the court is directed to the specific action or ruling of the court without requiring the court to search the record to determine what the issue is. Certain of the points or assignments are directed generally to the rulings of the court on the admissibility of evidence but none of these points which seek to challenge the rulings of the court on the admissibility of evidence quote the evidence referred to; neither do they give the objections that were interposed, nor the rulings of the court on the objections.

■ This is an appellate court sitting to review alleged errors of law, and not to try the action de novo.

■ So far as the rulings of the trial court on the admissibility of evidence are concerned, we shall not consider them further than to observe that for the most part they urge that the court erred in admitting testimony produced by the defendant rather than that the court rejected testimony offered by the plaintiffs. As the case was tried to the court without a jury it will be presumed on appeal that the court considered only the competent evidence and hence, its rulings in admitting evidence can not be urged as prejudicial if there is competent evidence to sustain the judgment appealed from. Anderson v. United States, 8 Cir., 65 F.2d 870; Clauson v. United States, 8 Cir., 60 F.2d 694; Howells State Bank v. Novotny, 8 Cir., 69 F.2d 32; Wade v. Blieden, 8 Cir., 86 F.2d 75.

By liberally construing the points relied upon in favor of the plaintiffs, we think they are sufficient to raise the question as to the sufficiency of the evidence to sustain the court's findings to the effect that plaintiffs, other than Stewart, Owens and Graen, were exempt employees under the Fair Labor Standards Act. We also think from a careful study of the entire record that this is the only substantial issue in the case.

■ Rule 52 of the Federal Rules of Civil Procedure for District Courts, 28 U.S.C.A. following section 723c, provides among other things, that, "Findings of fact shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge of the credibility of the witnesses." The findings of the court are presumptively correct and will not be set aside unless resulting from an erroneous view of the law or are clearly against the weight of the substantial evidence, and in considering this question we view the evidence in the light most favorable to the prevailing party, the burden being on the unsuccessful party to show that the evidence compelled a finding in his favor. United States v. Perry, 8 Cir., 55 F.2d 819; United States v. Nelson, 8 Cir., 102 F.2d 515; American Ins. Co. v. Scheufler, 8 Cir., 129 F.2d 143; American Alliance Ins. Co. v. Brady Transfer & Storage Co., 8 Cir., 101 F.2d 144. As we do not consider the credibility of the witnesses, nor the weight that should be given to their testimony, it results that if there is substantial evidence to sustain the court's findings, they can not be set aside unless entered on a misconception of the applicable law.

The Fair Labor Standards Act provides that no employer, except as otherwise provided in the Act, shall employ any of his employees engaged in commerce or in the production of goods for commerce, for a work week longer than forty hours, unless such employee receives compensation for his employment in excess of the hours specified at a rate not less than one and one-half times the regular rate at which he is employed. It is then provided that the act shall not apply with respect to any employee employed in a bona fide executive administrative capacity. The regulations of the Administrator define the terms used in the Act and the term "employee employed in a bona fide executive capacity" is held to include one whose primary duty consists of the management of the establishment or a customarily recognized department or subdivision of such establishment, or who customarily and regularly directs the work of other employees, one who has authority to hire or fire other employees or whose suggestions and recommendations as to the hiring or firing and as to the advancement and promotion of employees will be given particular weight, one who customarily and regularly exercises discretionary powers, one who is com-

pensated for his services on a salary basis of not less than $30 per week, one whose hours of work of the same nature as that performed by non-exempt employees do not exceed twenty per cent of the number of hours worked in the workweek by the non-exempt employees under his direction. The term "administrative" is defined as one who is compensated for his services at a salary of not less than $200 per month, or one who performs under only general supervision responsible non-manual office work, directly related to management policies or general business operations along specialized or technical lines requiring special training, experience, or knowledge, and which requires the exercise of discretion and independent judgment.

The trial court found that the primary duties of plaintiffs Klug, Anderson, Elliott, Johnson, Carlson, Brown, Hakanson and King, consisted of the management of regular departments or subdivisions of defendant's establishment, and that they customarily and regularly directed the work of other employees therein; that they regularly and customarily exercised discretionary power; that they had authority to hire or fire other employees, or that their suggestions and recommendations as to hiring and firing and as to the advancement and promotion, or any other change of status of other employees, were given particular weight and usually followed; that they were compensated for their services on a salary basis at not less than $30 per week, exclusive of board, lodging and other facilities, and that the hours of work of the same nature as that performed by non-exempt employees did not exceed twenty per cent of the number of hours worked in the workweek by the non-exempt employees under their direction. The court found that plaintiff Day was compensated for his services on a salary basis at a rate of not less than $200 per month, exclusive of board, lodging and other facilities, and that he performed under only general supervision responsible non-manual office work directly related to management policies along specialized or technical lines requiring special training, experience or knowledge, and which required the exer-

cise of his discretion and independent judgment.

It is not our purpose to lengthen this opinion by a recital of the evidence in any detail. It appears that there was no hourly rate provided by the parties in their contract of employment, and that there was a fixed weekly salary paid for variable or fluctuating hours. In such circumstances, the rate for the purpose of computing overtime is determined by dividing the weekly salary paid by the actual hours worked in any given week. Overnight Motor Transp. Co. v. Missel, 316 U.S. 572, 62 S.Ct. 1216, 86 L.Ed. 1682; Smith v. Porter, 8 Cir., 143 F.2d 292; Landreth v. Ford, Bacon & Davis, 8 Cir., 147 F.2d 446. This rule was followed by the trial court. The court's findings are sustained by abundant evidence and under the findings the court applied the proper measure of damages.

While it is argued that the cross-examination of certain of defendant's witnesses was unduly restricted, the scope of cross-examination is a matter left largely to the discretion of the trial court. We have examined the record and think this discretion was not abused.

It is also argued that the court committed error in the comments made during the course of the trial. It is difficult to understand how the comments of the court could have prejudiced plaintiffs as the action was tried without a jury. So far as he referred to certain exhibits, the court admitted the exhibits offered but in effect stated that he thought they were irrelevant. It is also urged that the court committed error in certain remarks made to witnesses. The comments at most went to the veracity of the witness and the weight to be given to his testimony, and this was a matter peculiarly within the province of the court to determine. There was no reversible error in these comments or remarks.

After the court had filed its findings of fact and conclusions of law and entered judgment, plaintiffs served notice of motion for new trial and embodied in the notice 108 assignments of error. Defend-

ant moved to strike certain matters embodied in this notice of motion for new trial and to expunge it from the record on the ground that the matters did not constitute an assignment of error, and that they were untruthful and scurrilous. After hearing, the court granted the motion in part and denied it in part. The matters stricken are not preserved in the record but they consisted of a very small part of the elaborate assignment of errors and from the description of the matters stricken found in the record, we think it may clearly be inferred that the matters so stricken were scurrilous, untruthful and immaterial. Certainly, in the absence of these portions of the notice of motion from the record, we must presume that the order is sustained. There apparently was no effort to amend the assignments so as to eliminate the objectionable language.

There is a further reason why this can not be urged as error. A motion for new trial is not essential to entitle the losing party to review the findings and judgment as not being sustained by the evidence; it is addressed to the discretion of the trial court, and its ruling on such motion, in the absence of clear abuse of discretion, will not be reviewed on appeal. Fairmount Glass Works v. Cub Fork Coal Co., 287 U.S. 474, 53 S.Ct. 252, 77 L.Ed. 439; Barry v. Legler, 8 Cir., 39 F.2d 297; O'Brien v. General Accident, Fire and Life Assur. Corp., 8 Cir., 42 F.2d 48. In apparent recognition of this rule the order of the court denying plaintiffs' motion for new trial is not here challenged.

Corroborative of the trial court's findings that the matter stricken was scurrilous are certain portions of appellants' brief which are improper and do not comport with the standards of propriety. These are wholly unwarranted attacks on opposing counsel, including charges of malicious conspiracy. A brief should not contain language disrespectful to the court nor to opposing counsel and ordinarily a brief containing such scurrilous and scandalous matter should be stricken from the files.

Supreme Council of Royal Arcanum v. Green, 237 U.S. 531, 35 S.Ct. 724, 59 L.Ed. 1089, L.R.A.1916A, 771; Kneeland v. American Loan & Trust Co., 138 U.S. 509, 11 S.Ct. 426, 34 L.Ed. 1052; Cox v. Wood, 247 U.S. 3, 38 S.Ct. 421, 62 L.Ed. 947; Carroll v. Industrial Commission, 69 Colo. 473, 195 P. 1097, 19 A.L.R. 107; Gage v. Gunther, 136 Cal. 338, 68 P. 710, 89 Am.St.Rep. 141; Pittsburgh, C. C. & St. L. R. Co. v. Muncie & P. Traction Co., 166 Ind. 466, 77 N.E. 941, 9 Ann.Cas. 165. To strike the brief, however, would delay the decision in this case, and we are not disposed to do that. What the Supreme Court said in Cox v. Wood, supra, speaking of certain objectionable language in the brief of counsel, is here apposite. It is there said [247 U.S. 3, 38 S.Ct. 422]:

"* * * we must notice a suggestion made by the government that because of impertinent and scandalous passages contained in the brief of the appellant the brief should be stricken from the files. Considering the passages referred to and making every allowance for intensity of zeal and an extreme of earnestness on the part of counsel, we are nevertheless constrained to the conclusion that the passages justify the terms of censure by which they are characterized in the suggestion made by the government. But despite this conclusion which we regretfully reach, we see no useful purpose to be subserved by granting the motion to strike. On the contrary we think the passages on their face are so obviously intemperate and so patently unwarranted that if as a result of permitting the passages to remain on the files they should come under future observation, they would but serve to indicate to what intemperance of statement an absence of self-restraint or forgetfulness of decorum will lead and therefore admonish of the duty to be sedulous to obey and respect the limitations which an adhesion to them must exact."

Finding no reversible error in the record, the judgment appealed from is affirmed.