**SISCO v. McNUTT et al.**

No. 14854.

United States Court of Appeals
Eighth Circuit.

Jan. 29, 1954.

Benjamin C. Sigal, Washington, D. C. (G. L. Grant and Hugh M. Bland, Ft. Smith, Ark., were with him on the brief), for appellant.

P. H. Hardin and Charles R. Garner, Ft. Smith, Ark. (G. C. Hardin and J. Clib Barton, Ft. Smith, Ark., were with them on the brief), for appellees.

Before SANBORN, JOHNSEN, and COLLET, Circuit Judges.

SANBORN, Circuit Judge.

Dave B. Sisco was the defendant in an action brought by Ferrill McNutt and Joe Fields, as plaintiffs, to recover damages for bodily injuries allegedly inflicted on them on or about December 1, 1951, as the result of a conspiracy between Sisco and others to assault and injure the plaintiffs. Jurisdiction was based on diversity of citizenship and amount in controversy. Sisco denied having conspired to inflict or having in-

flicted the injuries of which the plaintiffs complained.

The case was tried to a jury. At the close of the evidence, Sisco moved for a directed verdict. The motion was denied. The court submitted the following fact issues to the jury: 1. Did the defendant, Sisco, conspire with others to inflict bodily injuries on the plaintiffs? 2. If so, were the plaintiffs injured as a proximate result of the conspiracy? 3. Were the plaintiffs' alleged assailants acting in self-defense? 4. If the plaintiffs were, under the evidence and the instructions of the court, entitled to recover, what amount would compensate them for their injuries, and what amount, if any, should be awarded them as punitive damages?

The court, in substance, instructed the jury that if they found that Sisco conspired with others to inflict bodily injuries upon the plaintiffs and that such injuries were unjustifiably inflicted upon them as a result of the conspiracy, the plaintiffs were entitled to judgment against Sisco for their actual damages, and that if the jury found that the defendant's conduct was wilful, malicious or in wanton disregard of the rights of the plaintiffs, the jury might award, in addition to compensatory damages, a reasonable sum as punitive damages. The only objection taken by the defendant to the court's charge related to the instruction which permitted the jury to award punitive damages.

The jury returned a verdict in favor of McNutt for $2,000 ($1,000 actual and $1,000 punitive) damages, and a verdict in favor of Fields for $2,500 ($1,500 actual and $1,000 punitive) damages. The defendant moved the court to set aside the verdicts and to grant the defendant a new trial or judgment notwithstanding the verdicts. The court denied the motions, and this appeal from the judgment entered on the verdicts followed.

The defendant asks us to reverse the judgment on the following grounds: (1) that the evidence was insufficient to sustain the verdicts; (2) that the District Court erred prejudicially in rulings on evidence and in its instructions relative to punitive damages; and (3) that the defendant should have received from the court, but did not receive, the protection afforded by Section 6 of the Norris-LaGuardia Act, 47 Stat. 71, 29 U.S.C.A. § 106, which reads as follows:

"No officer or member of any association or organization, and no association or organization participating or interested in a labor dispute, shall be held responsible or liable in any court of the United States for the unlawful acts of individual officers, members, or agents, except upon clear proof of actual participation in, or actual authorization of, such acts, or of ratification of such acts after actual knowledge thereof."

 We think the defendant was not entitled to a directed verdict. We are, of course, required to view the evidence in the aspect most favorable to the plaintiffs and to give them the benefit of all reasonable inferences which can be drawn from it. The jury, we think, were justified in inferring that, while Sisco did not actually strike the blows that injured the plaintiffs, he had an understanding with those who inflicted bodily harm upon the plaintiffs that the blows would be struck; that, pursuant to that understanding, he transported in his automobile the plaintiffs' assailants to the place where they encountered the plaintiffs; that Sisco remained in his car within 100 feet of the scene of the attack while the plaintiffs were being knocked down and injured, and that thereafter the assailants were driven away "fast" by Sisco in his car. Since it is the law that men may be presumed to intend the natural and necessary consequences of what they do, Cleo Syrup Corporation v. Coca-Cola Co., 8 Cir., 139 F.2d 416, 419, 150 A.L.R. 1056; Myres v. United States, 8 Cir., 174 F.2d 329, 334 and cases cited; National

Labor Relations Board v. Brown & Root, Inc., 8 Cir., 203 F.2d 139, 147, we think the jury could infer that Sisco was as much an active participant in the concerted activities which resulted in the plaintiffs' injuries as were the men who actually struck the blows.

The court, in our opinion, did not err prejudicially in its rulings on evidence. As is true in nearly every conspiracy case, the evidence tending to show an unlawful agreement between Sisco and those who assaulted the plaintiffs was circumstantial and fragmentary, with some of the circumstances, viewed in isolation, having only slight probative value. As Mr. Justice Sutherland wrote in United States v. Manton, 2 Cir., 107 F.2d 834, 839, "Indeed, often if not generally, direct proof of a criminal conspiracy is not available and it will be disclosed only by a development and collocation of circumstances." See, also, Ford v. United States, 273 U.S. 593, 624–625, 47 S.Ct. 531, 71 L.Ed. 793; Glasser v. United States, 315 U.S. 60, 80, 62 S.Ct. 457, 86 L.Ed. 680.

■■ The plaintiffs' complaint characterized the assaults committed on them as "deliberate, wilful, malicious and violent." The evidence favorable to them supported this characterization. We have no hesitation in ruling that one who, in a civil action, is charged with conspiring to commit or to procure the commission of such an assault, or any assault, for the purpose of wrongfully inflicting personal injuries on another person, has adequate notice that he may, if the evidence warrants and if the judgment goes against him be assessed with punitive as well as compensatory damages. It is elementary that punitive damages may be awarded against one who commits a wilful or malicious wrong. See Milwaukee & St. Paul Railway Co. v. Arms, 91 U.S. 489, 492–493, 23 L.Ed. 374.

■ The question of the applicability of Section 6 of the Norris-LaGuardia Act to this case was never raised or even mentioned in the District Court at any time. Assuming the pertinence of the section to this case, which concededly had its roots in a labor dispute and involved the liability of Sisco, an officer of a labor union, to the plaintiffs for injuries actually inflicted by Sisco's associates, who were members of the union, the section did not deprive the District Court of jurisdiction to try this action. Section 6 is either a rule of evidence or one changing the substantive law of agency. United Brotherhood of Carpenters and Joiners of America v. United States, 330 U.S. 395, 403, 67 S.Ct. 775, 91 L.Ed. 973.

■■ This Court is a court of review and not a court for the retrial of cases. It is only in exceptional cases that questions of law not presented to or passed upon by the trial court will be reviewed. Duignan v. United States, 274 U.S. 195, 200, 47 S.Ct. 566, 71 L.Ed. 996 and cases cited; Trapp v. Metropolitan Life Ins. Co., 8 Cir., 70 F.2d 976, 981; Helvering v. Hormel, 8 Cir., 111 F.2d 1, 5, affirmed 312 U.S. 552, 61 S.Ct. 719, 85 L.Ed. 1037. The general and almost invariable rule is that questions not called to the attention of or ruled upon by a trial court will not be reviewed on appeal. Goldie v. Cox, 8 Cir., 130 F.2d 695, 715; Zuckerman v. McCulley, 8 Cir., 170 F.2d 1015, 1018; Hoyt v. Clancey, 8 Cir., 180 F.2d 152, 154; Barnard v. Wabash Railroad Co., 8 Cir., 208 F.2d 489. It is safe to say that this rule should be adhered to except "where the obvious result would be a plain miscarriage of justice." Hormel v. Helvering, 312 U.S. 552, 558, 61 S.Ct. 719, 772, 85 L.Ed. 1037. The application of the rule in this case will not produce a plain miscarriage of justice. A departure from the rule would not be justified. The defendant had his full day in court. Having made no objections to the legal theory upon which the issue of his liability was submitted to the jury, either by asking for instructions or taking exceptions to the instructions given, he

is in no position to assert that the District Court committed prejudicial error in not submitting the case upon a different theory.

The judgment appealed from is affirmed.