■ In the Matter of ROOSEVELT RACEWAY, INC., Petitioner, v. COUNTY OF NASSAU et al., Respondents.— Proceeding pursuant to CPLR article 78: (1) to review a determination of respondent Comptroller of Nassau County, made December 30, 1964 after a hearing, assessing a deficiency against petitioner on account of county admission taxes; and (2) for judgment that chapter 837 of the Laws of 1956 and Nassau County Local Law No. 1 of 1956 are unconstitutional and void. By order of the Supreme Court, Nassau County, entered June 21, 1965, the proceeding has been transferred to this court for disposition. Determination annulled and petition granted, with costs. By statutes enacted in 1952 and 1954 (L. 1952, chs. 148, 236; L. 1954, chs. 285, 287) a tax of 15% on all admissions to harness horse race meetings and running horse race meetings was authorized. Pursuant to this enabling act, Nassau County adopted local laws imposing a 15% tax on all admissions to harness horse race meetings in the county (Nassau County Local Laws, 1952, No. 1; 1954, No. 1). By statute enacted in 1956 (L. 1956, ch. 837) it was provided that, in cities or counties adjacent to a city having a population in excess of two million, a local law enacted pursuant to the statute shall require a tax of 30% on the admission price to a harness horse race meeting held within the area to which the

536

local law is applicable.  In all other cities and counties, the tax was to remain at 15% of the admission price to harness horse race meetings.  Nassau County thereupon adopted a local law imposing a 30% tax on admissions to harness horse race meetings within the county (Nassau County Local Law, 1956, No. 1). By this proceeding, petitioner attacks the constitutionality of the 1956 enabling act and of the said local law enacted thereunder.  We are of the opinion that (1) the proceeding may be maintained to test the constitutionality of those acts, despite the fact that there is no dispute as to the amount of the unpaid taxes (cf. *Van Antwerp* v. *State of New York*, 218 N. Y. 422, 427; *Matter of Policemen's Benevolent Assn. of Westchester County* v. *Board of Trustees of Village of Croton-on-Hudson*, 21 A D 2d 693, 695; CPLR 7803, subd. 2; Nassau County Administrative Code, § 4–2.4); (2) petitioner is a party aggrieved, with standing to maintain the proceeding, despite the fact that the admission tax is imposed on the patron, since petitioner must collect and pay over the tax and is personally liable for the amount thereof upon its failure to do so (cf. *Socony-Vacuum Oil Co.* v. *City of N. Y.*, 247 App. Div. 163, 165, affd. 272 N. Y. 668; *Harvester Co.* v. *Wisconsin Dept. of Taxation*, 322 U. S. 435, 440); (3) petitioner is not estopped from challenging the constitutionality of the enabling act, despite the fact that it availed itself of substantial benefits conferred by independent and separable provisions of the same statute (cf. *Thompson* v. *Consolidated Gas Co.*, 300 U. S. 55, 80–81; *United States* v. *Rappeport*, 36 F. Supp. 915, 917, affd. *sub nom. United States* v. *Herling*, 120 F. 2d 236); (4) the local law, which by its terms became effective upon the approval of the enabling act by the Governor, was not invalid because it was signed three days before the enabling act was approved (cf. *Barto* v. *Himrod*, 8 N. Y. 483, 490); (5) if it be assumed that section 9 of article I of the State Constitution prohibits the taxation of pari-mutuel betting by a county, the enabling act did not violate that provision as the permitted tax on admissions was not a tax on pari-mutuel betting; and (6) the enabling act was not a special or local law which required a request therefor by the Board of Supervisors or a certificate of necessity by the Governor (cf. *Robinson* v. *County of Broome*, 276 App. Div. 69, 73, affd. 301 N. Y. 524).  In our opinion, the enabling act and the local law are unconstitutional and invalid.  Assuming that the Legislature may make distinctions for tax purposes having a rational basis (*Ampco Print.-Adv. Offset Corp.* v. *City of N. Y.*, 14 N Y 2d 11, 24, app. dsmd. 379 U. S. 5), there is no rational basis for a distinction between a tax on running tracks and one on harness tracks.  They are both part of a single sport of horse racing.  Both types of tracks have been granted financial benefits for the purpose of improvement of facilities so as to increase tax revenues.  Under these circumstances, petitioner was denied the equal protection of the laws because the tax on admissions to harness horse race meetings was increased to 30%, while the tax on admissions to running horse race meetings remained at 15%.  Beldock, P. J. and Hill, J., concur; Benjamin, J., concurs in the annulment of the determination and granting of the petition, with the following memorandum: In my opinion, petitioner was denied the equal protection of the laws because the tax on admissions to harness horse race meetings in Nassau and Westchester Counties was increased to 30%, whereas the tax on harness horse race meetings in other counties of the State remained at 15%.  In addition, it is my opinion that the statute, although general in form, was so limited with restrictions and conditions as to make it in effect a local law and thus was violative of the Home Rule provisions of the State Constitution, without a request therefor by the Board of Supervisors or a certificate of necessity by the Governor (cf. *Matter of Henneberger*, 155 N. Y. 420; *Matter of Mayor of City of New York* [*Elm St.*], 246

N. Y. 72). Brennan and Rabin, JJ., dissent and vote to confirm the determination and to deny the petition, with the following memorandum: We differ with the majority solely on the ground that, in our opinion, the enabling act and the local law are not unconstitutional and invalid. Petitioner was not denied the equal protection of the laws merely because the tax on admissions to harness horse race meetings was increased to 30% while the tax on admissions to running horse race meetings remained at 15%. In matters of taxation, the Legislature has broad powers of classification and, in our opinion, the distinction between the two types of race meetings was not arbitrary and without a reasonable basis (cf. *Allied Stores of Ohio* v. *Bowers*, 358 U. S. 522, 526–529; *Spatt* v. *City of N. Y.*, 14 A D 2d 30, 31–32, affd. 13 N Y 2d 618, app. dsmd. 375 U. S. 394). It may reasonably be conceived that the Legislature permitted higher taxes on admissions to harness horse race meetings because those tracks were given substantial benefits, under sections 1 and 2 of the enabling act, which were not afforded running horse race meetings. In our view, petitioner failed to sustain the burden of negativing " every conceivable basis which might support" the legislative classification (cf. *Madden* v. *Kentucky*, 309 U. S. 83, 88).