368 F.2d 511
 William SMITH, Doing Business as Smith Entertainment Agency
and as Smith & Dale Circus, Appellant,
v.
AMERICAN GUILD OF VARIETY ARTISTS, Appellee.
AMERICAN GUILD OF VARIETY ARTISTS, Appellant,
v.
William SMITH, Doing Business as Smith Entertainment Agency
and as Smith& Dale Circus, Appellee.
 Nos. 17857, 17856.
 United States Court of Appeals Eighth Circuit.
 Nov. 18, 1966, Rehearing Denied Dec. 13, 1966.
 
 Conrad J. Carr, Minneapolis, Minn., for appellant. Jerome G. Raidt, Minneapolis, Minn., was with him on the supplemental brief.
 William Power Maloney, New York Ciry, for appellee, and filed supplemental brief.
 Before VAN OOSTERHOUT, BLACKMUN and MEHAFFY, Circuit Judges.
 VAN OOSTERHOUT, Circuit Judge.
 
 
 1
 We filed our opinion in this case, reported at 349 F.2d 975, on August 9, 1965. We held that plaintiff was entitled to the recovery allowed by the jury verdict against American Guild of Variety Artists (AGVA) upon the cause of action based on wrongful interference with contract rights. Rehearing was denied September 9, 1965. On April 18, 1966, in American Guild of Variety Artists v. Smith, 384 U.S. 30, 86 S.Ct. 1283, 16 L.Ed.2d 332, the Supreme Court granted certiorari, vacated our decision and remanded in an opinion reading:
 
 
 2
 'The petition for a writ of certiorari is granted. The judgment of the Court of Appeals is vacated and the case is remanded to that court for further proceedings in light of United Mine Workers of America v. Gibbs (383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218.)'
 
 
 3
 It is our understanding, arrived at after careful consideration of the Supreme Court opinions in this case and Gibbs, that we are directed to apply the law as stated in Gibbs to our present case insofar as common issues are presented.
 
 
 4
 In Gibbs, as here, damages were claimed against a labor union based upon a secondary boycott under 303 of the Labor Management Relations Act, 29 U.S.C.A. 187, and upon a state tort action of unlawful interference with contractual relations. The Supreme Court recognized in Gibbs that the state contractual interference claim was properly joined under the doctrine of pendent jurisdiction and that state law remedies against violence and threats of violence in labor disputes can be sustained against the challenge of preemption by a federal labor law. Thus Gibbs supports our determination in our prior opinion that the court acquired jurisdiction under the pendent jurisdiction doctrine of the state contractual interference claim and that no federal preemption is established by reason of the threats of violence by AGVA.
 
 
 5
 In Gibbs, the reversal of the favorable judgment for the claimant on the contractual interference action appears to be based primarily upon the Court's determination that the standard of proof for establishing union participation, authorization and ratification of the charged unlawful acts, as prescribed by 6 of the Norris-LaGuardia Act, had not been met. Section 6 reads:
 
 
 6
 'No officer or member of any association or organization, and no association or organization participating or interested in a labor dispute, shall be held responsible or liable in any court of the United States for the unlawful acts of individual officers, members, or agents, except upon clear proof of actual participation in, or actual authorization of, such acts, or of ratification of such acts after actual knowledge thereof.'
 
 The Gibbs' Court states:
 
 7
 'Petitioner vigorously contends that 6 applied to the state claims in this case; that, on this record, it cannot be charged with having participated in or authorized the violence of August 15-16; and that its acts once it learned of the violence fell short of what would be necessary to show either ratification of the violence or any intent to build its picketing campaign upon the fears the violence engendered. We agree. Plainly, 6 applies to federal court adjudications of state tort claims arising out of labor disputes, whether or not they are associated with claims under 303 to which the section does not apply.' 383 U.S. 715, 735, 737, 86 S.Ct. 1130, 1144.
 
 
 8
 The Court determined that the burden of proof imposed by 6 had not been met and reversed the favorable judgment for the claimant.
 
 
 9
 Our best judgment is that it is the holding on this issue that brought about the remand of the case now before us.
 
 
 10
 After remand of the case to us, we invited counsel to brief and orally argue the following points:
 
 
 11
 (a) Has the 6, Norris-LaGuardia defense, heretofore been raised either in the trial court or upon appeal?
 
 
 12
 (b) If such issue has not been raised, can the Court consider it at this time?
 
 
 13
 (c) If the defense is open for consideration, the views as to the applicability of the defense to the facts of this case should be discussed.
 
 
 14
 (d) A discussion of the effect of Gibbs upon any other aspect of this case.
 
 
 15
 AGVA has not either in the supplemental brief it has filed nor in oral argument asserted that it raised the 6 contention in any way in the trial court or upon the appeal leading to our prior opinion. In fact, AGVA has admitted that it was not previously raised such issue. By reply brief, it states:
 
 
 16
 'The obvious answer to appellant's contention in his supplemental brief that 29 U.S.C. 106 has not been raised and may not be raised or considered at this time is that the Supreme Court of the United States in its order of reversal and remand in this very case * * * itself, on its own initiative raised the question of the application of that statute. Whatever United Mine Workers of America v. Gibbs * * * holds, surely the most important issue in that case and the most thoroughly discussed issue which is relevant to the instant case is the application of 29 U.S.C. 106. When the Supreme Court asked this Court to consider this case in light of the Gibbs case, it necessarily held that 29 U.S.C. 106 can be brought into the case on appeal; the Supreme Court brought the statute in.
 
 
 17
 'Apparently the Supreme Court of the United States believes the strong Federal policy behind domestic industrial peace is to overcome any technical rules of procedure and hoary general rules.'
 
 
 18
 It is apparent from the record in this case before the Supreme Court that 6 had not been considered in our prior opinion. If the failure to consider 6 was errorper se upon the record made whether or not the 6 issue was properly before the Court, we would assume the Supreme Court would have reversed outright as it did in Gibbs.
 
 
 19
 Section 6 is either a rule of evidence or one changing the substantive law of agency. United Mine Workers of America v. Gibbs, supra, 383 U.S. p. 736, 86 S.Ct. 1130, 16 L.Ed.2d 218; United Brotherhood of Carpenters, etc. v. United States, 330 U.S. 395, 403, 67 S.Ct. 775, 91 L.Ed. 973.
 
 
 20
 In Sisco v. McNutt, 8 Cir., 209 F.2d 550, 553, we squarely held that 6 did not deprive the district court of jurisdiction to try the action. We are still of the view that 6 is not a jurisdictional statute.
 
 
 21
 Here, as in Sisco, the 6 issue was not raised in the trial court. We there held that the 6 issue, raised for the first time upon appeal, could be given no consideration, stating:
 
 
 22
 'It is only in exceptional cases that questions of law not presented to or passed upon by the trial court will be reviewed. Duignan v. United States, 274 U.S. 195, 200, 47 S.Ct. 566, 71 L.Ed. 996 and cases cited; Trapp v. Metropolitan Life Ins. Co., 8 Cir., 70 F.2d 976, 981; Helvering v. Hormel, 8 Cir., 111 F.2d 1, 5, affirmed 312 U.S. 552, 61 S.Ct. 719, 85 L.Ed. 1037. The general and almost invariable rule is that questions not called to the attention of or ruled upon by a trial court will not be reviewed on appeal. Goldie v. Cox, 8 Cir., 130 F.2d 695, 715; Zuckerman v. McCulley, 8 Cir., 170 F.2d 1015, 1018; Hoyt v. Clancey, 8 Cir., 180 F.2d 152, 154; Barnard v. Wabash Railroad Co., 8 Cir., 208 F.2d 489. It is safe to say that this rule should be adhered to except 'where the obvious result would be a plain miscarriage of justice.' Hormel v. Helvering, 312 U.S. 552, 558, 61 S.Ct. 719, 772, 85 L.Ed. 1037. The application of the rule in this case will not produce a plain miscarriage of justice. A departure from the rule would not be justified. The defendant had his full day in court. Having made no objections to the legal theory upon which the issue of his liability was submitted to the jury, either by asking for instructions or taking exceptions to the instructions given, he is in no position to assert that the District Court committed prejudicial error in not submitting the case upon a different theory.' 209 F.2d 550, 553-554.
 
 
 23
 To like effect, see Stanley v. United States, 6 Cir., 245 F.2d 427, 435. We believe that the result reasched in Sisco is sound and conducive to the proper administration of justice.
 
 
 24
 Moreover, an additional obstacle is here presented. The 6 issue was not raised or argued in any way upon the appeal resulting in our prior decision. Our Rule 11(b), in common with generally prevailing appellate rules, requires a concise statement of points relied upon for reversal.
 
 
 25
 Questions not raised, briefed nor argued will ordinarily be given no consideration by an appellant court. Trailmobile Co. v. Whirls, 331 U.S. 40, 50, 67 S.Ct. 982, 91 L.Ed. 1328; Pacific States Box & Basket Co. v. White, 296 U.S. 176, 863; 5 Am.Jur.2d, Appeal and Error v. Munsingwear, 8 Cir., 162 F.2d 125, 127; Anderson v. Federal Cartridge Corp., 8 Cir., 156 F.2d 681, 683; Cohen v. United States, 8 Cir., 142 F.2d 861, 863; 5 Am.Ur.2d, Appeal and Error 648. See United Mine Workers of America v. Gibbs, supra, n. 29, pp. 737-738, 86 S.Ct. 1130, 16 L.Ed.2d 218; Dick v. New York Life Ins. Co., 359 U.S. 437, 445, 79 S.Ct. 921, 3 L.Ed.2d 935; United States v. Spector, 343 U.S. 169, 172, 72 S.Ct. 591, 96 L.Ed. 863; United States v. New York Tel. Co., 326 U.S. 638, 650-651, n. 18, 66 S.Ct. 393, 90 L.Ed. 371.
 
 
 26
 In Gibbs, considerable emphasis is placed upon the fact that the violence complained of broke out at a time when no representative of the United Mine Workers was present. Gilbert, the field representative for the area, was attending an executive board meeting elsewhere. When he learned of the violence while at such meeting, he immediately returned with directions from his union superiors to establish a limited picket line to prevent further violence. No violence thereafter occurred at the lawfully picketed mine site. As pointed out in the excerpt from the Gibbs opinion supra, the union there urged 6 applied to state claims and that the international union did not authorize or ratify the violence.
 
 
 27
 In our present case, the issue of lack of participation, authorization or ratification by the defendant union of the activities conducted was not raised by the pleadings, by motion for directed verdict, by request for instructions or exceptions to instructions, by brief or argument before us on the prior appeal, or in any other manner. The activities of which plaintiff complains were directed by Herbert Meyers, branch manager of the defendant at Minneapolis. Meyers conferred with AGVA about putting plaintiff on the unfair list and about preventing him from showing at the fairs. Meyers went to the Faribault Fair Board some days prior to the time plaintiff was scheduled to put on his show at the fair and vigorously pressed the Board to cancel plaintiff's contract and enter into a new contract with him for the fair show. While meeting with the Fair Board, Meyers called AGVA headquarters by telephone and had some one in this office advise the Board that it had a right to break the contract with plaintiff. Meyers testified, 'The national office told me that under no circumstances would they allow this fair to go on under Smith's jurisdiction.' Stebbing, a union picket, said, 'Anything serious, we always telephoned the New York office.'
 
 
 28
 Thus, it is not surprising that the Union as a matter of trial strategy did not elect to raise the issue of lack of union participation, authorization and ratification of the activities here involved. A reading of the pleadings and the briefs reflects that AGVA chose to accept responsibility for what was done and to defend upon the basis that its activities did not go beyond justifiable and excusable primary activity. For example, under a brief heading 'Picketing by AGVA and its contact with the Fair Board was not tortious', states, 'Were the actions of AGVA justified? Did it have a legitimate interest to protect? They were. It did. The record speaks clearly to the point.'
 
 
 29
 We believe that this case falls within the general rule to the effect that issues not raised in the trial court or upon appeal cannot be considered. No miscarriage of justice has been shown. On the other hand, we believe that if the injection of the 6 issue were permitted, at this late date, plaintiff who had no occasion to meet such issue by evidence or otherwise would be unfairly prejudiced.
 
 
 30
 This case has been tried twice. Two separate juries have found against AGVA on the contract interference claim. No request for an instruction based on 6 was made at either trial nor was any objection made to the instructions there for failure to cover 6. The motion for a directed verdict fell far short of fairly calling the 6 burden of proof issue to the attention of the court. Even if such issue had been raised on motion for a directed verdict, our examination of the record satisfies us a fact issue was made out on union participation, authorization and ratification under 6 standards.
 
 
 31
 In our view, other issues presented and determined in our opinion upon the prior appeal are not within the scope of the Gibbs opinion and the remand based thereon. A reexamination of such issues is not required. We adopt and re-affirm our prior opinion, as amended by what we have heretofore said, in all respects.
 
 By way of summary, we hold:
 
 32
 (1) That AGVA by its pleadings and trial tactics assumed responsibility for the activities resulting in the contractual interference action and that it did not fairly raise the issue that such activities were not participated in, authorized by or ratified by it, and hence we hold that 6 of the Norris-LaGuardia Act has no controlling effect upon the decision of this case.
 
 
 33
 (2) We discern no inconsistency between our prior opinion and the Supreme Court opinion in Gibbs.
 
 
 34
 ( 3) We re-adopt and re-affirm in all respects our prior opinion, reported at 349 F.2d 975, and on plaintiff's appeal we reverse the judgment of the trial court sustaining defendant's motion for judgment n.o.v. on the contractual interference claim and remand the case to the district court with direction to reinstate the verdict and enter judgment thereon. We adhere to our holding that the court erred in dismissing the secondary boycott cause of action but hold no prejudice resulted thereby as plaintiff sought and recovered the same damages in the contractual interference action. Upon defendant's cross-appeal, we affirm the trial court's order conditionally denying AGVA's alternate motion for a new trial.