**UNITED STATES of America,**
**Appellee,**

v.

**George William CROCKER, Appellant.**

**Nos. 19673, 19737.**

United States Court of Appeals
Eighth Circuit.

Jan. 8, 1970.

Certiorari Denied March 30, 1970.
See 90 S.Ct. 1240.

---

Peter J. Lindberg, Minneapolis, Minn., for appellant; John Remington Graham, and Chester A. Bruvold, Minneapolis, Minn., were on the brief.

J. Earl Cudd, Asst. U. S. Atty., Minneapolis, Minn., for appellee.

Before VAN OOSTERHOUT, Chief Judge, and MATTHES and HEANEY, Circuit Judges.

HEANEY, Circuit Judge.

The appellant, George William Crocker, was convicted of failing to report for and submit to induction into the Armed Forces of the United States in violation of 50 App.U.S.C. § 462. The decision of the United States District Court for the District of Minnesota is reported at 294 F.Supp. 776 (D.Minn.1969). We affirm.

The appellant noted on his original classification questionnaire that he wished to be classified as a conscientious objector. Shortly thereafter, the appellant received from his Local Board a form, known as Form 150, which is designed to provide a detailed basis for the conscientious objector's belief. The appellant discussed the filling out of this form with several people, concluded not to complete the form, and sent it back blank to his Local Board. The appellant, a pacifist, is of the opinion that any cooperation with the Selective Service System is wrong. The appellant was subsequently classified I-A. He took no appeal from his classification as permitted by the rules and regulations of the Selective Service Law.

■ The appellant's only defense in the District Court and his only argument on appeal is that the Military Selective Service Act of 1967, 50 App.U.S.C. § 451 *et seq.*, is unconstitutional. Primarily, the appellant argues that the Act is unconstitutional under Article I, Section 8, Clauses 12, 15, 16 and 18; Article I, Section 10, Clause 3; and, Amendment II of the United States Constitution. He argues that, according to the Framers of the Constitution, the precise meaning of the word "armies" refers to professional troops, and that the meaning of "militia" refers to citizen troops, including everyone *compelled* to render military service. He argues that, on the basis of these precise meanings: (1) Congress has no power to conscript "armies"; (2) Congress may compel military service only by "calling forth the militia"; and (3) the Military Selective Service Act of 1967 is not a "proper" means of "raising armies", and it circumvents the constitutional process for "calling forth the militia."

The constitutionality of conscripting "armies" was first fully examined and upheld by the Supreme Court in Selective Draft Law Cases, 245 U.S. 366, 38 S.Ct. 159, 62 L.Ed. 349 (1918). The question has been raised many times since then, but in every instance, the Court has upheld the constitutionality of conscription.[1] This Court has fol-

---

1. Shortly after the Court rendered its decision in Selective Draft Law Cases, 245 U.S. 366, 38 S.Ct. 159, 62 L.Ed. 349 (1918), it granted an appeal which raised similar constitutional arguments. Relying on its decision in Selective Draft Law Cases, *supra*, the Court again upheld the constitutionality of conscripting "armies."

Cox v. Wood, 247 U.S. 3, 38 S.Ct. 421, 62 L.Ed. 947 (1918).

For other cases, see *e. g.*, United States v. Nugent, 346 U.S. 1, 73 S.Ct. 991, 97 L.Ed. 1417 (1953); Lichter v. United States, 334 U.S. 742, 68 S.Ct. 1294, 92 L.Ed. 1694 (1948); Hamilton v. Regents of University of California, 293 U.S. 245,

lowed the decisions of the Supreme Court. See, *e. g.,* Ashton v. United States, 404 F.2d 95 (8th Cir. 1968), cert. denied, 394 U.S. 960, 89 S.Ct. 1308, 22 L.Ed.2d 561 (1969); Humes v. Pescor, 148 F.2d 127 (8th Cir. 1945).

Recently, the most frequently used argument, contesting the constitutionality of conscription, has been that Selective Draft Law Cases, *supra,* was decided while the United States was under a formal declaration of war; that the question decided, therefore, applied only to conscription during time of war; and that the constitutionality of conscription, in the absence of a declaration of war, is still an open question. The courts, however, have consistently rejected this argument, relying primarily on Selective Draft Law Cases, *supra.*[2] The appellant notes that such an argument presupposes the constitutional power to "raise armies" by conscription. He further notes that Article I, Section 8, Clause 12, does not distinguish between war and peace. Moreover, he clearly illustrates that such is not his argument here.

The appellant argues here that the precise meaning of the words "armies" and "militia", as used by the Framers of the Constitution, was misconstrued by the Court in Selective Draft Law Cases, *supra,*[3] perhaps because the argument advanced here, based upon constitutional history, was not advanced when the question was first decided.

 The reasons advanced by the appellant for overturning the decisions of the Supreme Court are serious and thoughtful. But, we cannot overturn the decisions of the Supreme Court here.

Ashe v. Swenson, 399 F.2d 40 (8th Cir. 1968), cert. granted, 393 U.S. 1115, 89 S.Ct. 995, 22 L.Ed.2d 121 (1969); Ferina v. United States, 340 F.2d 837 (8th Cir.), cert. denied, 381 U.S. 902, 85 S.Ct. 1446, 14 L.Ed.2d 284 (1965).

 The appellant's second argument is that compulsory military service is unconstitutional as violative of his Thirteenth Amendment right against involuntary servitude. This claim has been squarely faced and rejected by the Courts. See, *e. g.,* Selective Draft Law Cases, *supra;* Jacobson v. Massachusetts, 197 U.S. 11, 25 S.Ct. 358, 49 L.Ed. 643 (1905).

The judgment of the District Court is affirmed.

---

55 S.Ct. 197, 79 L.Ed. 343 (1934); Tatum v. United States, 146 F.2d 406 (9th Cir. 1944); United States v. Herling, 120 F.2d 236 (2nd Cir. 1941). See also, Note 2.

2. United States v. O'Brien, 391 U.S. 367, 88 S.Ct. 1673, 20 L.Ed.2d 672 (1968); United States v. Hogans, 369 F.2d 359 (2d Cir. 1966); Etcheverry v. United States, 320 F.2d 873 (9th Cir.), cert. denied, 375 U.S. 930, 84 S.Ct. 331, 11 L. Ed.2d 263 (1963); United States v. Hen-

derson, 180 F.2d 711 (7th Cir.), cert. denied, 339 U.S. 963, 70 S.Ct. 997, 94 L.Ed. 1372 (1950); United States v. Richmond, 274 F.Supp. 43 (C.D.Cal. 1967).

3. It appears that one Supreme Court Justice would vote to grant certiorari in order to reexamine the basis of Selective Draft Law Cases. See, Holmes v. United States, 391 U.S. 936, 88 S.Ct. 1835, 20 L.Ed.2d 856 (1968) (denial of cert.) (dissenting opinion of Justice Douglas).