UNITED STATES of America, Plaintiff,

v.

George Anthony **LONSDORF**, Defendant.

UNITED STATES of America, Plaintiff,

v.

Robert Wesley **WOODHULL**, Defendant.

UNITED STATES of America, Plaintiff,

v.

Bruce Charles **HEROLD**, Defendant.

Nos. 70–CR–11, 70–CR–16, 70–CR–36.

United States District Court, W. D. Wisconsin.

July 10, 1970.

John O. Olson, U. S. Atty., John E. Clarke, James R. Mack, Asst. U. S. Attys., Madison, Wis., for plaintiff.

Thomas C. Eckerle, Madison, Marvin Karpatkin, Leonard Friedman, New York City, for defendants.

## OPINION AND ORDER

JAMES E. DOYLE, District Judge.

Each of these cases is a criminal prosecution for a violation of the Selective Service Act. In each case, the defendant has moved to dismiss on the ground that the Act is unconstitutional.

The cases were consolidated for argument on the motion, and an excellent brief was filed on behalf of the three defendants.

I find that at the time of the offenses charged against each of the defendants there was in effect no Congressional declaration of war.

The contention is that the Selective Draft Law Cases, (Arver v. United States) 245 U.S. 366, 38 S.Ct. 159, 62 L.Ed. 349 (1918), and Cox v. Wood, 247 U.S. 3, 38 S.Ct. 421, 62 L.Ed. 947 (1918), upholding the constitutionality of Congressional conscription pursuant to a Congressional declaration of war, were incorrectly decided. The narrower contention is that the constitutionality of Congressional conscription, in the ab-

sence of a Congressional declaration of war, has never been passed upon by the United States Supreme Court.

The argument on the merits is that the framers of the Constitution did not intend to grant to Congress the power to conscript; that this intent must govern; and that even if the intent of the framers was otherwise, conscription so severely invades individual liberty that it cannot be permitted when less onerous alternative means are available, as they are.

I will not depart from the decisions of the Supreme Court of the United States in 1918 upholding the constitutionality of Congressional conscription pursuant to a Congressional declaration of war, despite defendants' urging that the court then misconstrued the historical setting in which the Constitution was drafted.

With respect to the contention that Congressional conscription is unconstitutional in the absence of a Congressional declaration of war, the question has been flatly decided otherwise by the Court of Appeals for this circuit. United States v. Henderson, 7 Cir., 180 F.2d 711 (1950). I am bound by this decision.

Moreover, United States v. O'Brien, 391 U.S. 367, 88 S.Ct. 1673, 20 L.Ed.2d 672 (1968), cannot fairly be read other than as an affirmation by the Supreme Court, three years after major military intervention in Viet Nam by the United States without a Congressional declaration of war, that Congressional conscription is constitutional. In oral argument, counsel for the defendants undertook to limit *O'Brien* to a holding that a Congressional scheme for registering and classifying persons for purposes of conscription is constitutional, in the absence of a Congressional declaration of war; that is, that the Court was not called upon to consider the following step, namely, actual conscription. I cannot accept so narrow a view, and I cannot ignore so recent an expression by the Supreme Court.

In each of the above cases, with respect to the contention that the Selective Service Act was unconstitutional at the times named in the indictment, the motion to dismiss is hereby denied.