UNITED STATES of America,
Plaintiff,

v.

Dennis DeVerne WESTPHAL, Defendant.
No. CR69–60S.

United States District Court
D. South Dakota, S. D.

Oct. 20, 1969.

R. D. Hurd, Asst. U. S. Atty., Sioux Falls, S. D., for plaintiff.

Robert C. Heege, of Davenport, Evans, Hurwitz & Smith, Sioux Falls, S. D., for defendant.

NICHOL, Chief Judge.

MEMORANDUM DECISION

The defendant, Dennis DeVerne Westphal, following indictment for wilful failure to submit to induction into the Armed Forces of the United States, in violation of 50 App. U.S.C. Sec. 462, waived in writing his right to a jury trial, pursuant to Rule 23 of the Federal Rules of Criminal Procedure, and with the consent of the government, the case was tried to the Court.

The chronological sequence of events giving rise to the charge herein was brought out at the trial through a review of the cover sheet, Ex. 1, and the complete file and documents contained therein, numbered 1 through 50.

Defendant first registered with the Selective Service system on May 23, 1966, at age 18, at Local Board No. 1 in Sioux Falls, South Dakota. At the time of his registration, he made no claim to being a conscientious objector. Registrant filed an appropriate student certificate, which was verified by the University of South Dakota, where he was attending college.

On November 21, 1968, when he was no longer enrolled in college, the defendant was classified I–A, and notice of said classification and advising registrant of his right of a personal appearance and appeal was mailed to him on the same date. On December 19, 1968, the board received registrant's request for an appeal. Said appeal was forwarded to the Appeal Board on December 24, 1968, and on February 20, 1969, the Appeal Board, by a vote of five to nothing, classified registrant as I–A. He was ordered to report for induction on April 9, 1969.

On April 14, 1969, five days after having been mailed the order to report for induction, he requested permission from the Local Board to file as a conscientious objector. On April 23, 1969, the Local Board postponed his induction, theretofore fixed for May 13, 1969, until June, 1969, and notified the registrant of the postponement. On April 24, 1969, registrant filed a 12-page letter outlining in great detail his personal history and reasons why he claimed to be entitled to conscientious objector status, and further expressing a willingness to undertake civilian employment for the benefit of mankind to fulfill any obligation to the United States, in lieu of military service. On April 30, 1969, he returned to the Selective Service System a special form for conscientious objectors, in which he again set forth his beliefs and reasons why he should be considered as a conscientious objector, and in which he further alluded to his 12-page letter of April 24th. He further submitted in support of his request for conscientious objector status letters from two Methodist ministers and various friends attesting to his beliefs, and also several rather detailed letters from his mother, and further requested a hearing before the board.

On April 23, 1969, prior to the receipt of the documents above mentioned by the board, he was notified by the executive secretary not only that his induction had been postponed until the June call, but also that the Local Board requested him to appear for a personal interview. Registrant personally appeared before the Local Board No. 1 of Sioux Falls at its regular board meeting on May 27, 1969. Item No. 33 of the file contained within the cover sheet, Ex. 1, sets forth in summary from the action of the board at said personal appearance, as follows:

"He stated he is conscientiously opposed to killing. He thinks his having to come before the board and explain his reasons is absurd. He feels very strongly against fighting. His minister Rev. Ritter has talks with him and he agrees with his beliefs. Attended 2 years college at the University. Has been a CO about 2 years. Employed at Fantles in the advertising department since Nov. 68. He stated being a I–A–O would be like aiding and abetting the enemy. Does not want to go to the service.

"All evidence considered nothing presented by the registrant, beyond his control, to justify reopening his classification. He is to be retained in a I–A and a new date sent him for his induction."

As indicated in the last paragraph above quoted, the board refused to reopen his classification, and later on the same date, May 27, 1969, ordered him to report for induction into the Armed Forces on June 16, 1969. It was stipulated at the trial that registrant refused to report for induction on June 18, 1969. His file was then forwarded to the state headquarters, and the United States Attorney was requested to take appropriate action. Indictment followed and the resulting trial to the Court.

The registrant contends that by according the registrant a hearing on his request for a conscientious objector classification, the board was considering on the merits his conscientious objector status, and that therefore, they in effect reopened his classification, which entitled him to an appeal to the State Appeal Board, which appeal was denied him on June 11, 1969. The executive secretary of the Local Board, in notify-

ing the registrant on said date, used this language: "This is to inform you that you have no appeal rights as your classification was not reopened." See Item 38 of the file. Item 46, however, being a summary of a phone conversation with registrant's mother concerning her son's appeal, seems to contradict this language, inasmuch as the summary states that the executive secretary or clerk advised the mother that "since his appeal period was up and he had received an order for induction he had no appeal as such."

The government contends, however, that the hearing accorded the registrant on May 27, 1969, was merely a personal interview, and was not a hearing on the merits of his claim that he was a conscientious objector, and that since the Local Board found that the evidence considered at the hearing presented to the board no change of status which was beyond the control of the registrant, they therefore were justified in refusing to reopen his classification.

Mr. Justice Holmes, in Rock Island, Arkansas, and Louisiana Railroad Co. v. United States, 1920, 254 U.S. 141, 143, 41 S.Ct. 55, 56, 65 L.Ed. 188, stated that "Men must turn square corners when they deal with the Government." The Fifth Circuit Court of Appeals, in the case of Robertson v. United States, 404 F.2d 1141 (5th Cir. 1968), in commenting on this statement, states as follows:

"But the government in dealing with its citizens owes them an equal obligation to right its angles. Since the scope of judicial review is so narrowly restricted in Selective Service cases, we said in Olvera v. United States [1955, 223 F.2d 880, 882]:

'* * * (I)t is of the essence of the validity of board orders and of the crime of disobeying them that all procedural requirements be strictly and faithfully followed, and * * * a showing of failure to follow them with such strictness and fidelity will invalidate the order of the board and a conviction based thereon.' "

32 C.F.R. Sec. 1625.1(a) provides that no classification is permanent. The Fifth Circuit Court of Appeals, in Robertson v. United States, supra, holds that if a registrant submits new information "not considered when the registrant was (originally) classified, which, if true, would justify a change in the registrant's classification," (32 C.F.R. Sec. 1625.2), (i. e., if he presents a prima facie case for reclassification), the board has a duty to reopen his case.

The Eighth Circuit Court of Appeals, in a later decision, Davis v. United States, 410 F.2d 89 (8th Cir. 1969), agrees with the Fifth Circuit's interpretation of Sec. 1625.2, and holds that if there is a prima facie showing of the right to a conscientious objector classification, the Local Board is required to reopen the registrant's classification.

The government, however, contends that this is not true if the request comes after the order to report for induction, and that then the board must first find, before reopening the classification, that there has been a change in the registrant's status resulting from circumstances over which the registrant had no control, citing 32 C.F.R. Sec. 1625.2. In the Davis case, the Eighth Circuit considered the question involving an order to report for induction that had been canceled by the State Director, and pointed out the distinction between a cancellation and a postponement of induction. 32 C.R.R. Sec. 1632.2 does not give the Local Board the right to postpone induction, as was done in this case, except for cases of the death of a member of registrant's immediate family, extreme emergency involving a member of the registrant's immediate family, serious illness of the registrant, or other extreme emergency. It would seem, therefore, that the postponement of the induction order issued by the draft board was without authority.

The United States District Court for the Western District of Pennsylvania, in the case of United States v. Clark, 105 F. Supp. 613 (W.D.Penn.1952), held that where a registrant was classified I–A,

and subsequently claimed exemption as a conscientious objector and was granted a hearing, as was done in this case, that such hearing was equivalent to the re-opening of the classification, which gave the defendant a right of appeal under federal regulations.

Former Chief Judge Harvey M. Johnsen of the Eighth Circuit Court of Appeals, sitting by designation in the Ninth Circuit, and writing the opinion for the Court in the case of Miller v. United States, 388 F.2d 973 (9th Cir. 1967), a case very close to the facts stated in the case at bar, held that where the board undertook to evaluate the situation on its merits as to the question of whether registrant should be entitled to a conscientious objector classification, it could not, after giving such a consideration to the statements and information submitted by the registrant, refuse to reopen his classification and deny him the right of an appeal. Judge Johnsen states as follows at page 976:

"No more, in our opinion, is it validly possible for these rights to be cut off as to a conscientious objector claimant by a local board's choosing not to reopen, but to nevertheless engage in a similar consideration of the situation upon its merits, and then to accord to its classification result the status of a denial merely of the claimant's motion to reopen."

It is significant that the official minutes of the board's action in the *Miller* case used the following terminology: "It was the opinion of the members that the registrant was seeking to avoid induction. They noted that he had applied for enlistment in a reserve program which was denied." Compare Item 33 of the summary of the official minutes of the May 27th hearing of Local Board No. 1, Sioux Falls, South Dakota, quoted above.

In view of the decisions, therefore, cited above of the Fifth Circuit, the Eighth Circuit, and the Ninth Circuit, this Court finds that when the local board invited the registrant to appear before it in connection with his request for conscientious objector status, that this was in effect a reopening of his classification under the provisions of 32 C.F.R. Sec. 1625.11. By reopening this classification, the board was not prevented by said section from reclassifying registrant in the same classification of I–A that he had prior to his request to reopen the classification, but under the plain language of said section, "Such classification shall be and have the effect of a new and original classification even though the registrant is again placed in the class that he was in before his classification was reopened." The very next section, 1625.12, requires the board to mail notice of the classification to the registrant, and the following section, 1625.13, provides: "Each such classification shall be followed by the same right of appearance before the local board and the same right of appeal as in the case of an original classification." And the next section, 1625.14, provides that "The reopening of the classification of a registrant by the local board shall cancel any Order To Report for Induction * * * which may have been issued to the registrant, * * *."

■■ It would seem, therefore, that by inviting the registrant to appear in response to his request for consideration as a conscientious objector, the local board not only in effect reopened his classification, but by doing so, canceled his order to report for induction, and that when he was wrongfully denied the right to appeal the action of the board, he was clearly denied not only due process, but that the scant procedural protections of the Selective Service Act as well were clearly not strictly and faithfully followed. As the Fifth Circuit pointed out in Robertson v. United States, *supra*, this showing of failure by the board to follow these procedural requirements with strictness and fidelity invalidate the order of the board subsequently issued requiring him to report for induction, and therefore justifies his acquittal of the charge contained in the indictment that he did fail and neglect to comply with the order of the board to report

for and submit to induction into the Armed Forces of the United States.

The Court therefore finds the defendant Not Guilty of the offense charged in the indictment.

This memorandum and order is made in accordance with Rule 23(c) of the Federal Rules of Criminal Procedure.