**UNITED STATES of America,
Plaintiff,**

v.

**Clayton Arnold MELROSE, Defendant.**

**No. CR 68–124S.**

United States District Court,
D. South Dakota, S. D.

Dec. 4, 1969.

R. D. Hurd, Asst. U. S. Atty., Sioux Falls, S. D., for plaintiff.

Charles Lacey and Patrick H. Lacey, Sioux Falls, S. D., and Ralph K. Helge, Pasadena, Cal., for defendant.

## MEMORANDUM DECISION

NICHOL, Chief Judge.

The defendant, Clayton Arnold Melrose, following indictment for wilful failure to submit to induction into the Armed Forces of the United States in violation of 50 App. U.S.C. Sec. 462, waived in writing his right to a jury trial, pursuant to Rule 23 of the Federal Rules of Criminal Procedure, and with the consent of the government, the case was tried to the Court. Examination of the numerous exhibits in the defendant's selective service file (Exhibit 1) reveals the history of his involvement with the Selective Service System, as follows:

The defendant was first classified as I-A on April 19, 1962, by Local Board No. 65 of Lincoln County, Ivanhoe, Minnesota. Upon his enrollment at South Dakota State University, he was classified as II-S until after receiving his degree in agricultural engineering when he was again classified I-A on June 22, 1966. Prior to the reclassification, the defendant's employer, Caterpillar Tractor Company, had requested that the defendant be granted an occupational deferment and be reclassified as II-A. Upon the reclassification of the defendant as I-A, Caterpillar appealed the classification to the State Appeal Board of Illinois as the defendant was then residing in Peoria, Illinois. The Illinois Appeal Board classified the defendant I-A.

On December 14, 1966, the registrant submitted a claim for classification as a conscientious objector. In support of his claim for exemption, the defendant submitted written statements in which he expressed his belief in God. He stated that participation in the armed forces in either a combatant or noncombatant capacity would force him to compromise his religious convictions. Two personal friends submitted brief

letters attesting to the sincerity of the defendant's religious beliefs.

On March 20, 1967, the local board reviewed the defendant's file in regard to his I-O claim, reopened his classification, and again classified him I-A. The defendant then filed a request for appeal of the reclassification on March 28, 1967. The appeal was considered by the Illinois Appeal Board which classified the defendant I-A on September 6, 1967. Prior to the adjudication by the Illinois Appeal Board, the defendant was not granted a hearing by the Justice Department. Such hearing and subsequent recommendation to the appeal board by the hearing officer was at that time a procedural requirement under the Universal Military Training and Selective Service Act. The hearing was not required, however, under the Military Selective Service Act of 1967, which became effective on July 1, 1967.

On September 25, 1967, the defendant's minister, the pastor of the Church of God of Peoria, Illinois, wrote to the board to substantiate the defendant's claim of conscientious objection to war. The defendant requested reconsideration of his classification by the Illinois Appeal Board. On October 10, 1967, the Deputy State Director of the Minnesota State Headquarters of the Selective Service System appealed on behalf of the defendant to the President from the I-A classification, stating that "It is our opinion that a basis for the registrant's classification as a conscientious objector is established under the criteria set forth in the Selective Service Regulations dealing with the classification of conscientious objectors." The Presidential Appeal Board classified the defendant I-A on December 14, 1967.

On January 29, 1968, and again on two subsequent occasions, the defendant requested a personal appearance before the local board to express his views as to why he could not participate in the armed forces, but the board did not reply to his requests. The defendant was then ordered to report for his physical examination on January 25, 1968, but he failed to do so. After a transfer of the defendant to the board in Pekin, Illinois, for physical examination, the defendant was examined and found qualified for military service.

On February 15, 1968, the board reviewed the file pursuant to the defendant's request for an occupational deferment based upon a change in position with Caterpillar Tractor Company and determined not to reopen the defendant's classification.

During the entire period since his initial reclassification as I-A, numerous ministers and friends had written to the local board stating that the defendant sincerely believed and practiced the tenets of his faith and could not, therefore, participate in the armed services.

On June 12th, the defendant was informed that apparently upon advice of the state director the local board had decided to grant him a personal interview on June 18, 1968. The letter clearly stated that he was not allowed the appearance as a matter of right as his request for personal appearance had not been made within thirty days of his classification as I-A. At the board meeting on June 18th, the defendant appeared and stated his religious convictions in opposition to war, quoting extensively from a book written by the president of his church, entitled "Military Service and War." In addition, he submitted two more letters; one from a minister of the Radio Church of God and the other from a former employer. The board declined the defendant's request that his brother be allowed to present information to the board. The minutes of the board state that "The Board considered all the evidence in the file and did not reopen the classification."

On June 20, 1968, two days after his personal appearance, the defendant was ordered to report for induction into the armed forces on July 16, 1968. On July 8th, the defendant requested that his file be sent to the State Board for review of the local board's determination not to reopen, which request was denied.

On July 17, 1968, the defendant refused induction into the armed forces, thereby providing the basis for the charges which bring him to the attention of the Court.

■ The scope of judicial review of draft board decisions is extremely limited. The Court may overturn a registrant's classification only where it has no basis in fact or where the draft board has failed to follow procedural requirements of the selective service regulations thereby denying the registrant due process of law. Witmer v. United States, 348 U.S. 375, 75 S.Ct. 392, 99 L. Ed. 428 (1955); Estep v. United States, 327 U.S. 114, 66 S.Ct. 423, 90 L.Ed. 567 (1946); United States v. Owen, 415 F.2d 383 (8th Cir. 1969); Vaughn v. United States, 404 F.2d 586 (8th Cir. 1968). For these reasons, it is imperative that the board strictly follow the procedures dictated by the regulations.

The Selective Service Regulations provide that no classification is permanent. 32 C.F.R. Sec. 1625.1. The local board may reopen and reconsider the classification of a registrant upon his written request where he has submitted written information which presents facts not considered by the board when it classified the registrant if such facts, if true, would justify a change in the registrant's classification. 32 C.F.R. Sec. 1625.2. Although the regulation appears permissive, the Eighth Circuit Court of Appeals has recently cautioned that "If the evidence submitted is sufficient to establish a prima facie case of the registrant's claim, then the board must reopen and determine whether registrant is entitled to the classification." Vaughn v. United States, *supra* at 590; quoted with approval in Davis v. United States, 410 F.2d 89 (8th Cir. 1969).

When the local board first considered the defendant's request for exemption as a conscientious objector, the only relevant evidence contained in the defendant's selective service file was the statement by the defendant setting forth his beliefs and reasons why he could not participate in the armed forces and letters from two lay friends stating in general terms that they understood the defendant to be opposed to war. Prior to and concurrent with his request for a reopening at his interview by the local board on June 18, 1968, the defendant submitted letters written by his ministers which stated that the defendant had become a member of the Church of God; that he was a member of a Bible study organization and attended annually a two week Bible conference; that he tithed unselfishly; that he was sincerely opposed to war; that the teaching of his church forbids participation in war.

■ The minutes of the interview on June 18, 1968, at which time the defendant appeared before the local board, state that "The Board considered all the evidence in the file and did not reopen the classification." By holding that it did not reopen the defendant's classification, the board precluded him from appealing its decision as the determination not to reopen is not appealable. Robertson v. United States, 404 F.2d 1141 (5th Cir. 1968). However, a reopening and consequent determination of the claim on its merits gives the defendant the right to appear before the board thereafter and to appeal the decision to the administrative appeal boards. Davis v. United States, *supra*. It is apparent, therefore, that the determination not to reopen is in itself a separate and distinct decision of "independent procedural significance" even though the board may, after reopening, give the registrant the same classification as previously held. Robertson v. United States, *supra*. The board cannot actually determine the claim on its merits, decide not to reclassify the registrant, and then label its action a determination not to reopen, thereby denying the registrant precious appearance and appeal rights. Miller v. United States, 388 F.2d 973 (9th Cir. 1967).

■ In the present instance, the court finds that when the local board proceeded on June 18, 1968, to review "all the evidence in the file" including

that submitted following its original classification, it had reached a determination on the merits through a de facto reopening of the defendant's classification. The action of the board in labeling its determination a decision not to reopen was a denial of the defendant's procedural rights. Consequently, the order requiring him to report for induction is invalid and his refusal to comply with such order renders him guilty of no crime.

The Court therefore finds the defendant Not Guilty of the offense charged in the indictment. Having reached the decision on the issue as stated above, the Court finds it unnecessary to discuss other defenses urged by the defendant.

This memorandum and order is made in accordance with Rule 23(c) of the Federal Rules of Criminal Procedure.