**Theodore J. REISNER, Plaintiff,**

v.

**C. Joseph LONSDORF, Jr., Chairman Selective Service Board No. 236, Willaus U. Carter, Member, Selective Service Board No. 236, Clarence G. Tiemeyer, Member, Selective Service Board No. 236, Cona J. Connor, Executive Secretary, Selective Service Board No. 236, Defendants.**

**No. 69 C 415(3).**

United States District Court
E. D. Missouri, E. D.

Dec. 4, 1969.

Leonard J. Frankel, Newmark & Baris, St. Louis, Mo., for plaintiff.

Daniel Bartlett, Jr., U. S. Atty., Robert B. Schneider, Asst. U. S. Atty., St. Louis, Mo., for defendants.

## MEMORANDUM OPINION AND ORDER

REGAN, District Judge.

Theodore J. Reisner, having received an order to report for induction into the Armed Forces of the United States on December 8, 1969, brought this action on November 28, 1969, seeking an order in the nature of a writ of mandamus to compel the members of Selective Service Board No. 236 and its Executive Secretary to cancel its induction notice. An evidentiary hearing was held on plaintiff's application on December 3, 1969, and the matter has been submitted to the Court.

After being classified I–A on October 26, 1968, plaintiff asked for and was granted a personal appearance before the Local Board to present his request for a hardship deferment and a III–A classification. Following his appearance before the Board, plaintiff was again classified I–A. Upon appeal to the State Appeal Board, that board on April 14, 1969, classified plaintiff I–A. Thereafter, on September 17, 1969, plaintiff received notice to report for induction October 10, 1969, but was subsequently notified September 25, 1969, that the induction date had been postponed until further notice. On November 12, 1969, notice was received by plaintiff that he was to report for induction on December 8, 1969. This is the notice plaintiff seeks to cancel.

Theretofore, on November 7, 1969, plaintiff had filed with the Local Board, pursuant to Section 1625.2, 32 CFR, a petition to reopen his classification on the asserted ground that "there has been a change in petitioner's status resulting from circumstances over which he had no control." In this petition, after first alleging the then indefinite postponement of his original induction date and incorporating by "reference" the evi-

dence constituting part of his Selective Service file which he had submitted in support of his request for a III–A classification, plaintiff then alleged:

"4. Petitioner is a volunteer for the U.S. Army Ready Reserve Program. His name has appeared on said list of volunteers since December, 1968. Due to petitioner's age and the status of the other program applicants, he was not, in the past, eligible to join such program.

5. Petitioner has now been informed that he is eligible to join the Ready Reserve Program and that he will be accepted into said program if the Selective Service will release his file.

6. Petitioner feels he will best be able to perform his duty to his country and his obligation to his family by serving in the Ready Reserve Program.

7. Petitioner contends that his status with the Ready Reserve Program and the postponement of his induction both constitute changes in circumstances over which he has no control."

At the regular meeting of Board No. 236 on November 19, 1969, at which a quorum of the Board was present, the executive secretary presented plaintiff's file and his petition to reopen classification to the Board. The Board members read the petition, reviewed plaintiff's file including the letters therein concerning his "hardship status," and after a discussion determined not to reopen plaintiff's classification. The next day the executive secretary mailed the following letter to plaintiff notifying him of the Board's action:

"This is to advise you that the board reviewed your file on November 19, 1969 regarding your petition to reopen your I–A classification.

It is the boards conclusion that even though the Ready Reserve may now accept your application for enlistment, there has been no change in your status whereby they would be justified in reopening your case per SSR 1625.-2(b). Facts concerning your request

for a hardship deferment was considered at a previous meeting and no new evidence has been submitted."

Plaintiff argues, on the authority of Miller v. United States, 9 Cir., 388 F.2d 973, that the mere "review" of a Selective Service file of itself constitutes a reopening of a registrant's classification. On that premise, he takes the position that having so "reopened" his classification, defendants were required by Section 1625.14, 32 CFR, to cancel plaintiff's induction notice, and that having failed to perform this ministerial duty, they are subject to mandamus by this Court.

Plaintiff misreads Miller. In that case, Miller submitted facts to the local board which the Court held made a prima facie case for a conscientious objector classification, facts which had not been considered at the time Miller was classified I–A. The Board, upon consideration of the submitted papers, proceeded to make a factual determination. This clearly appears from Judge Johnsen's opinion:

"While the notice sent by the board to appellant of its refusal to reopen the situation stated 'that the information submitted did not warrant reopening of your classification', what the board actually did, as the implications of its minutes reflect, was to engage in evaluative consideration and judgment that, regardless of the prima facie sufficiency of the information submitted, it was not, when probatively weighed against other elements in the situation, entitled to credence as fact." Again:

"The local board did not deal with the alleged facts or evidence of appellant's conscientious objector form as a question of whether this legally could provide basis for a reopening to be made, so as to entitle consideration and evaluation to be engaged in thereafter under the general classification procedure of the regulations. It shortcut the situation by directly proceeding, without purporting to reopen,

to a consideration of whether appellant was entitled to a conscientious objector classification *on the merits of the probative elements of its file*. It weighed the information contained in appellant's form against other probative factors (such as his attempted reserve enlistment during the month preceding) and *arrived at the judgment that he was not in truth a conscientious objector* but was merely 'seeking to avoid induction.' "

The rationale of *Miller* was that if the board determines the *merits* of an application for a change in classification which is *prima facie sufficient to warrant a change*, it can do so only by a reopening of the classification. Had the Board in the instant case been of the opinion that plaintiff's statement of facts contained in his petition to reopen his classification were *untrue*, as in *Miller*, rather than insufficient to make a prima facie case, as it did here, the two cases would be comparable. However, in the present case the record clearly discloses that the Board *accepted as true* the statements in plaintiff's application for a change of classification and held that, even so, the classification would not be reopened.

In order for a registrant to obtain a change in classification, his request therefor must present facts, not considered when registrant was classified, which *if true* would justify a change. See Sections 1625.2 and 1625.4, 32 CFR. We fail to see how the Board could determine whether "new facts" had been presented without a "review" of the file. In the judgment of the Board, the "new facts" contained in plaintiff's petition to reopen his classification, although accepted as true, would not justify a change in his classification.

We note that Operations Bulletin No. 287 issued by the Selective Service System permits the cancellation of induction orders, in the event of the desire of a registrant to enlist, only as to those individuals who have been accepted for *regular* enlistments. Plaintiff does not claim an intention to enlist in the *regular* army. Plaintiff has presented no evidence which would demonstrate that the facts alleged in his petition for change of classification make a prima facie case, which if true, would *require* the Board to change his classification. We hold that on the record before us plaintiff has not been denied procedural due process of law. He is not entitled to an order in the nature of mandamus there being no clear legal right on his part to the order he seeks.

The foregoing memorandum constitutes our findings of fact and conclusions of law. The Clerk is directed to enter judgment in accordance herewith.