**UNITED STATES of America**

**v.**

**Thomas Woodbury BLACKWELL.**

**Crim. No. 70-16.**

United States District Court,
D. Maine, S. D.

March 31, 1970.

---

Peter Mills, U. S. Atty., Edward G. Hudon, Asst. U. S. Atty., Portland, Me., for plaintiff.

William B. Troubh, Portland, Me., for defendant.

## MEMORANDUM OF OPINION AND ORDER

GIGNOUX, District Judge.

Thomas Woodbury Blackwell was indicted for refusing to submit to induction into the armed forces of the United States in violation of 50 U.S.C. App. § 462(a) (1967). He has been tried by

the Court without a jury. His only defense is that he was improperly denied a right to appeal the denial by his Local Selective Service Board of his request for classification as a conscientious objector presented after receipt of an order to report for induction. The relevant record consists of defendant's Selective Service file as supplemented by testimony of the State Selective Service Director.

The essential facts are not disputed. On March 31, 1967, upon attaining the age of 18, defendant registered with his Local Selective Service Board in Portland, Maine. He did not at that time request conscientious objector status. Since he was then a full-time student at Falmouth High School, he was classified I–S (Student deferred by statute). Upon graduation from high school he was classified I–A (Available for military service) in July 1967, but on his subsequent enrollment as a student at the University of Maine he was reclassified II–S (Student deferment) in December 1968.

In the Spring of 1969 defendant dropped out of college and was reclassified I–A on April 1, 1969. On the following day he was notified of this classification and also of his right to a personal appearance before the Local Board and to appeal to the State Appeal Board within 30 days. Defendant did not request a personal appearance and did not appeal his classification, and on July 15, 1969 he was ordered to report for induction on August 20, 1969. On August 11, 1969 defendant delivered to his Local Board a letter stating that,

> Upon receiving my induction order on July 18, 1969, I have done a great deal of serious thinking concerning my status with the Selective Service. After much debate in my own mind I have come to realize that I am conscientiously opposed to all forms of military service and do, consequently, declare myself a Conscientious Objector.

At that time defendant was given SSS Form 150, the "Special Form for Conscientious Objector," which he completed and returned to the Board on August 18, with a request for cancellation of his induction, a personal appearance before the Board, and "immediate action" on his claim. Briefly summarized, in his answers to the questions on the Form 150 defendant stated that he was conscientiously opposed to participation in war in any form and was opposed to participation in both combatant and noncombatant service in the armed forces; that he believed in a Supreme Being and in "Christ-like principles;" that he was opposed to violence of any kind; and that his views were the product of a gradual evolution, which had not really crystallized until receipt of his induction order. The completed form was accompanied by supporting letters from defendant's brother and three friends. On the day defendant's conscientious objector claim was received his induction was ordered postponed until September 15, 1969, apparently in order to give the Local Board time to review his conscientious objector claim. His induction was subsequently twice postponed to September 25 and October 10, and was finally scheduled for November 12, 1969.

The Local Board invited defendant to appear for an interview on September 2. The minutes of this interview read as follows:

CONSCIENTIOUS OBJECTOR_____ THIS YOUNG MAN HAD INDUCTION ORDER FOR AUGUST 20, 1969_____

*On Aug. 18, 1969* he brings to the Local Board the SSS Form 150 claiming he was Conscientious Objector____ Prior to receiving this Induction Order which was mailed on July 15, 1969 —No mention of this was made......

Action taken: Personal Appearance @ 8:30 P.M. on Sept. 2, 1969

No change.

Vote: 4 to 0

Date: 9/2/69

Upon being informed of this action, defendant requested an appeal to the State

Selective Service Director. This request and the file were forwarded to the State Director, who on September 16 wrote defendant that he had reviewed his file and could "find no reason to request the Maine State Appeal Board to review your case." On September 18 defendant wrote the Local Board requesting an appeal to the State Appeal Board. The file discloses that at about this time defendant's attorney contacted the State Director. As a result, the Director wrote the Local Board on September 29 requesting "a clarification of your findings" as a result of defendant's September 2 appearance before the Board. On October 7 the Chairman of the Local Board replied to this request as follows:

When Thomas W. Blackwell appeared before the local board on September 2, 1969, we, as a local board, were not convinced of his sincerity in his claim for a conscientious objector status and determined that no circumstances beyond the registrant's control arose after he was mailed an Order to Report for Induction that would authorize us to reopen and reconsider his classification.

On October 15, 1969 defendant was ordered to report for induction on November 12, 1969. On the latter date he reported for induction, was found qualified, but after all the proper warnings refused to take the symbolic step forward. His indictment and this prosecution followed.

■ Defendant's sole defense is that he was denied due process by the State Director's refusal to permit him to appeal from the rejection by the Local Board of his conscientious objector claim. His principal argument is that upon receipt of his request the Local Board was required to reopen his I–A classification to consider the merits of his claim. The consequence of such a holding would be that the Board would have been required to cancel the induction order, 32 C.F.R. § 1625.14, and to reclassify defendant, 32 C.F.R. § 1625.11. He would then have been entitled to a notice of his reclassification, 32 C.F.R. § 1625.12, and to a

personal appearance before the Local Board and an appeal from its decision to the State Board, 32 C.F.R. § 1625.13. If the Local Board improperly refused to reopen defendant's classification, the resulting loss of these rights would constitute a denial of due process, invalidating the order of induction and the present prosecution. United States v. Grier, 415 F.2d 1098, 1101 (4th Cir. 1969); Robertson v. United States, 404 F.2d 1141 (5th Cir. 1968).

The regulation governing the Board's action upon defendant's request for conscientious objector status is 32 C.F.R. § 1625.2, which provides in pertinent part:

The local board may reopen and consider anew the classification of a registrant * * * upon the written request of the registrant * * * *provided* * * * *the classification of a registrant shall not be reopened after the local board has mailed to such registrant an Order to Report for Induction* * * * *unless the local board first specifically finds there has been a change in the registrant's status resulting from circumstances over which the registrant had no control.* (emphasis supplied)

■ It is now quite clear that Regulation 1625.2 requires a registrant's local board at least to consider a conscientious objector claim even though raised for the first time after receipt of an induction notice. United States v. Gearey, 368 F.2d 144 (2d Cir. 1966), cert. denied, 389 U.S. 959, 88 S.Ct. 335, 19 L.Ed. 2d 368, reh. denied, 389 U.S. 1010, 88 S.Ct. 561, 19 L.Ed.2d 611 (1967); United States v. Stafford, 389 F.2d 215 (2d Cir. 1968); United States v. Blaisdell, 294 F.Supp. 1303 (D.Me.1968); *see* United States v. Stoppelman, 406 F.2d 127, 131, n. 7 (1st Cir.), cert. denied, 395 U.S. 981, 89 S.Ct. 2141, 23 L.Ed.2d 769 (1969); *but cf.* United States v. Stoppelman, *supra* (Local Board need not consider post-induction date conscientious objector claim); United States v. Ruel, Crim. No. 68–43

(D.Me., Mar. 27, 1969) (Local Board need not consider post-indictment claim). But the Board's initial inquiry in such a case must be restricted to consideration of whether there has been a *change* in circumstances which would permit a reopening of the registrant's classification. If the Board properly concludes that the claim existed before the induction order was sent, the classification may not be reopened. On the other hand, if the Board finds that the registrant's beliefs matured after the mailing of the induction notice, he would be entitled to be reclassified. United States v. Gearey, *supra,* 368 F.2d at 150–151. The fatal defect in defendant's position is that his Local Board specifically found that there had been no change in his status resulting from circumstances beyond his control, thus bringing his claim squarely within the "shall not be reopened" proviso of Regulation 1625.2. The Board has said clearly that as a result of the September 2 interview it was not convinced of the sincerity of defendant's claim and had therefore determined that there had been no change of circumstances beyond his control which would authorize a reopening of his classification. Quite plainly, the Board was of the view that defendant never had been and was not now a conscientious objector. That finding by the Board precluded a reopening of his classification, provided there was a rational basis for it. United States v. Gearey, *supra.*

 Defendant argues, however, that the Local Board had no "basis in fact" for its determination that he was not sincere in his claim. *See* 50 U.S.C. App. § 460(b) (3) (1967); Estep v. United States, 327 U.S. 114, 122, 66 S.Ct. 423, 90 L.Ed. 567 (1946); United States v. Delfin, 419 F.2d 226 (2d Cir. 1969); United States v. Grier, *supra*; United States v. Ransom, 223 F.2d 15, 17 (7th Cir. 1955). It is clear, of course, that a local board must not base its decision on "mere suspicion or speculation" concerning the defendant's sincerity. Witmer v. United States, 348 U.S. 375, 383, 75 S.Ct. 392, 99 L.Ed. 428 (1955); Dick-inson v. United States, 346 U.S. 389, 397, 74 S.Ct. 152, 98 L.Ed. 132 (1953). But this Court cannot escape the conclusion that there is ample evidence in defendant's Selective Service file to support the Board's finding that he was insincere in his claim of conscientious objection. Although entitled to do so, 32 C.F.R. § 1626.12, defendant did not submit a summary of what transpired at his personal interview, leaving as the only record the Board's own minutes and the letter from the chairman to the State Director which has been set forth above. Obviously, defendant raised serious doubts as to his sincerity in the minds of the Board members when he appeared before them. Other facts in the record cast further doubts on the sincerity of his claim. It is evident from the file that defendant's religious background is limited and his expressed views are, to say the least, shallow and totally undocumented. Although defendant maintains that he had been a conscientious objector in principle at least since the previous April, it was not until he received his induction order in August that he was galvanized into action. Concededly, a conscientious objector claim must not be rejected simply because it was first raised after an induction notice, *cf.* Bates v. Commander, First Coast Guard District, 413 F.2d 475, 478 (1st Cir. 1969). However, the fortuitous timing of such a claim is a circumstance which may properly be considered by the Board, for as Judge Friendly has aptly observed:

> Sudden accessions of belief may be utterly sincere, as the memorable one on the Damascus road; but they seldom synchronize so perfectly as (registrant's) with external facts making them convenient, and they normally manifest themselves in expressions more deeply personal than his. United States v. Corliss, 280 F.2d 808, 812 (2d Cir. 1960).

And as the Court of Appeals for this Circuit has stated, "a registrant bears a heavy burden in proving the sincerity, the timing, and his lack of control over

his belated change of belief \* \* \*." United States v. Stoppelman, *supra*, 406 F.2d at 131, n. 7. In the present case, there were quite plainly sufficient "objective facts before the \* \* \* Board to \* \* \* cast doubt on the sincerity of his claim." Witmer v. United States, *supra*, 348 U.S. at 382, 75 S.Ct. at 396. The Court therefore concludes that there was a basis in fact for the Board's decision not to reopen defendant's classification.

■ Finally, defendant vigorously urges that the Board must be "deemed" to have reopened his classification by permitting him to appear for a personal interview on September 2. To support this position, defendant relies on Miller v. United States, 388 F.2d 973 (9th Cir. 1967), which he argues holds that a reopening occurs whenever the Board considers the merits of a conscientious objector claim. It is quite clear, however, that in *Miller* the court found that a reopening had occurred only because the State Director had ordered a reopening pursuant to his discretionary power to do so under 32 C.F.R. § 1625.3(a), thereby freeing the local board from the limitation on its power of reopening contained in the *proviso* to Regulation 1625.2. *See* 388 F.2d at 975. There was no such directive in this case, and absent such a directive, Regulation 1625.2 is specific that a local board may reopen a classification for the purpose of considering a post-induction-order conscientious objector claim only when it finds a change in circumstances beyond the registrant's control. Since the Board made no such finding in this case, no reopening could occur. The Board could not and did not reopen defendant's classification. *Accord*: Petersen v. Clark, 289 F.Supp. 949, 955–956 (N.D.Cal.1968).[1]

■ For the foregoing reasons, the Court concludes that defendant was not denied due process by the refusal of the

State Director to permit him to appeal his Local Board's rejection of his conscientious objector claim. Since defendant asserts no other defense to this prosecution, and the Court can perceive none, the Court finds the defendant guilty of the offense charged in the indictment.

1. Defendant also cites United States v. Westphal, 304 F.Supp. 951 (D.S.D.1969), which followed Miller on facts nearly identical to those presented here. But an examination of the Court's opinion in Westphal reveals that it wholly failed to deal with the crucial question of the effect of the proviso in Regulation 1625.2. *Id.* at 953.