**UNITED STATES of America,**
**Plaintiff,**

v.

**James William KERWIN, Defendant.**

**No. 4–69–Cr. 96.**

United States District Court,
D. Minnesota,
Fourth Division.
April 27, 1970.

Joseph T. Walbran, Minneapolis, Minn., for plaintiff.

Francis Helgesen, Minneapolis, Minn., for defendant.

## MEMORANDUM DECISION
## AND
## FINDING OF NOT GUILTY

LARSON, District Judge.

An Indictment was filed against the above named defendant on October 16, 1969, for knowingly and wilfully refusing to report for and submit to induction in the Armed Forces of the United States as ordered by his Local Selective Service Board. Pursuant to the Indictment this action was tried before the Court on December 23, 1969. Trial by jury was waived by the defendant.

On December 28, 1964, the defendant James William Kerwin registered with Local Board No. 49 for classification under the Selective Service System. He was then enrolled as a full time student at Carleton College, expecting to receive his degree in June 1968. Accordingly, from January 20, 1965, to October 1968, the defendant was classified 2–S, deferred by reason of his student status. On October 17, 1968, the defendant was determined mentally and physically acceptable and subsequently on December 3, 1968, classified 1–A, available for military service. On December 31, 1968, the defendant requested and was mailed a Form 150, an application for conscientious objector status. This was filled out and returned on March 17, 1969. However, in the interim, on February 2, 1969, an order to report for induction on March 3, 1969, had been sent to the defendant. The defendant was then asked to appear for an interview with the local board, after which this entry was made on the defendant's classification sheet, "LB [local board] reviewed coversheet file and determined that there was no change in circumstances beyond the registrant's control, classification not reopened." The defendant was informed that no appeal could be taken from this determination. Following the defendant's failure to report for his second induction date this prosecution ensued.

The single question presented to this Court for its resolution is whether or not an examination of the source and substance of the defendant's conscientious objector belief at a courtesy interview granted to determine the reason for the defendant's tardy filing of his C.O. claim amounts to a reopening of his classification such that the C.O. claim itself must be adjudicated.

Inasmuch as the defendant's completed Form 150 was not received by the local board until fourteen days after the date the defendant was to have originally reported for induction, it is undisputed that the defendant was dilatory in submitting his claim. In such a situation the local board is required to review this claim only if its delinquency is a product of "circumstances beyond the registrant's control." See 32 C.F.R. § 1625.2, Oshatz v. United States, 404 F.2d 9 (4th Cir. 1968); Parrott v. United States, 370 F.2d 388 (9th Cir. 1966); United States v. Hedges, 297 F.Supp.

946 (S.D.Iowa 1969). Thus, in the present situation Local Board No. 49 was not obligated to give any consideration to the merits of the defendant's Form 150. It need only find, as it did, that there were no extenuating factors which prevented the defendant from tendering a timely application. However, should the local board make inquiry into the substantive merits of the claim, again as was the case here, then this Court feels the local board has in effect reopened the defendant's classification and should pass on the quality of the application itself in a manner from which an appeal may be taken.

Precedent for the decision the Court reaches today can be found in United States v. Westphal, 304 F.Supp. 951 (S. D.S.Dak.1969); Miller v. United States, 388 F.2d 973 (9th Cir. 1967); and Murray v. Blatchford, 307 F.Supp. 1038 (D. C.R.I.1969). In *Miller*, Judge Johnsen, the then Senior Circuit Judge of the Eighth Circuit, stated:

> "The local board did not deal with the alleged facts or evidence of appellant's conscientious objector form as a question of whether this legally could provide basis for a reopening to be made, so as to entitle consideration and evaluation to be engaged in thereafter under the general classification procedure of the regulations. It short cut the situation by directly proceeding, without purporting to reopen, to a consideration of whether appellant was entitled to a conscientious objector classification on the merits of the probative elements of its file. * * *
>
> "This was action amounting to a determination of the question of classification. While the board labeled what it had done as a denial of reopening in form, * * *
>
> "No more, in our opinion, is it validly possibile for these rights to be cut off as to a conscientious objector claimant by a local board's choosing not to reopen, but to nevertheless engage in a similar consideration of the situation upon its merits, and then to accord to its classification result the status of a denial merely of the claimant's motion to reopen." 388 F.2d at p. 976.

Similarly in *Westphal* where the defendant submitted his request for conscientious objector status after the date he was previously ordered to report for induction and the local board subsequently conducted a personal interview, Judge Nichol stated:

> "This Court finds that when the local board invited the registrant to appear before it in connection with his request for conscientious objector status, that this was in effect a reopening of his classification under the provisions of 32 C.F.R. Sec. 1625.11." 304 F.Supp. at p. 954.

Citing the *Westphal* decision quoted from above, the Court in Murray v. Blatchford, 307 F.Supp. 1038 (D.C.R.I. 1969), made the following remarks:

> "While the local boards may hold a discretionary interview on the issue of maturation, they take serious risks if they hold such interviews on the issue of *prima facie* presentation of claim. One court has held that the mere holding of a discretionary interview constitutes a de facto reopening. United States v. Westphal, 304 F.Supp. 951 (D.S.D. October 20, 1969). This court, however, thinks that the critical issue is whether, at such a discretionary interview, the board makes any inquiry *whatsoever* into the merits of the registrant's claim. See Miller v. United States, 388 F.2d 973 (9th Cir. 1967); United States v. Baker, 1 SSLR 3017 (E.D.N.Y.1968). If it does, then a reopening must be deemed to have occurred, entitling the registrant to his personal appearance and administrative appellate rights.
>
> *   *   *   *   *   *
>
> "Hence, by refusing to reopen after a determination on the merits, the board denied Murray his rights of personal appearance and appeal. See Miller v. United States, 388 F.2d 973 (9th Cir.

1967) ; United States v. Burlich, 257 F.Supp. 906 (S.D.N.Y.1966)."

In arriving at its present conclusion this Court does not intend to suggest that there was any impropriety in granting the interview. On the contrary, such a procedure is highly recommended to fairly determine whether or not there are "circumstances beyond the registrant's control." The fault lies in evaluating the merits of the claim and then summarily dismissing on procedural grounds. Item # 30 from the defendant's selective service file reflects that such was probably the case here. Item # 30 recites:

> "Registrant then went on to state his feelings in regard to his C.O. status. Some statements he made were:
>
> "I do not believe in taking anyone or anything's life. War is killing. Over the past years, I have come to the viewpoint that there is a kind of power which is greater than individual man.
>
> "Registrant is not attending any church at this time.
>
> "He feels he has an obligation to his country, but that he has an higher obligation to God and he cannot go out and kill."

Further, the defendant testified he was interrogated about the inconsistency in paying taxes and claiming conscientious objector status.

With the admonition that this Court is in no way adjudging the contents of the application itself, the Court finds that in light of the sequence and nature of events Local Board No. 49 has analyzed the defendant's convictions so as to constitute a reopening of his classification, the result of which should be a cancellation of his order to report for induction and a decision on the merits of his claim for conscientious objector status.

The Court finds the defendant not guilty of the charge set forth in the Indictment, and it is dismissed without prejudice.