**UNITED STATES of America,**
**Plaintiff,**

v.

**James Gordon LEE, Defendant.**

**No. 3–70 Cr. 42.**

United States District Court,
D. Minnesota,
Third Division.

July 16, 1970.

---

Joseph T. Walbran, Asst. U. S. Atty., for plaintiff.

Felhaber, Larson, Fenlon & Vogt, by Charles F. Bisanz, Jr., St. Paul, Minn., for defendant.

NEVILLE, District Judge.

Squarely before the court here is the "late crystallization" conscientious objector doctrine, raised by defendant's pretrial motion to dismiss an indictment against him charging failure to report for and submit to induction in violation of 50 App. U.S.C. § 462.

Defendant registered with his local draft board on May 1, 1965 and on May 12, 1965 was classified I–A. On October 20, 1965 he was given a student deferment (II–S) which was continued for three years and until December 18, 1968 at which time he was reclassified I–A. On January 28, 1969 defendant was ordered to report for a pre-induction phys-ical, which he subsequently passed. On March 12, 1969 form 127 was mailed ordering him to report for induction on April 9, 1969. On March 13, 1969 defendant, then 22 years of age, sent a letter to his local board requesting a I–O (Conscientious Objector) classification. On March 21, 1969 defendant filed Selective Service Form 150 with the local board attesting to his conscientious objector beliefs and at such time stated that the basis of his claim was in part:

> "My belief in Christianity and my commitment to following the example and teachings of Christ to the best of my ability, forbids me from participating in any form in the perpetration of warfare."

The defendant further stated as a reason for his late filing on form 150 that "My commitment, although developing, was never put on trial as it now is."

On March 21, 1969 defendant's local board postponed his induction and wrote him that the reason therefor was "so that the local board might have the opportunity to review your claim for conscientious objection." At the same time the board invited the defendant to appear for an interview since "the board members would like to talk with you personally regarding your claim. * * *"

On April 16, 1969 the defendant appeared before his local board. The summary of this interview is document #31 in defendant's Selective Service File and in part it states:

> "The local board began reviewing this registrant's file at 1:50 P.M., and finished at 2:20 P.M., at which time the registrant was called into the room for his interview. He was told that the interview was delayed because the board wanted to read through the complete file and the letters which had been received.
>
> * * * * * *
>
> The members read Part 1625.2 of the Selective Service Regulations to the registrant and told him that his classification would not be reopened or the Order for Induction canceled since

it had been determined there had been no change in his status resulting from circumstances over which he had no control."

The summary indicates that the defendant was interrogated as to all activities and events in his lifetime which led up to his conscientious objector claim as well as the reasons for the lateness of his request for a I-O classification.

On April 17, 1969 a notice of the local board's determination not to reopen his classification was mailed to defendant and on May 21, 1969 defendant was notified that his new date to report for induction was June 24, 1969. On June 24, 1969 defendant refused to submit to induction and was thereafter indicted pursuant to 50 App. U.S.C. § 462.

Two basic issues are presented to the court for its determination. First, whether defendant's request for a conscientious objector classification was timely in view of the requirements set forth in the Selective Service Regulations, especially 32 C.F.R. § 1625.2. Second, whether the interview conducted on April 16, 1969 during which time the local board inquired into the source and substance of defendant's beliefs amounted to a *de facto* reopening of his classification so that defendant should have been afforded all of the attendant rights that accompany a reopening, including a new right to appeal.

As to the first issue presented, the Selective Service Regulations provide in part:

"*  *  *  the classification of a registrant shall not be reopened after the local board has mailed to such registrant an Order to Report for Induction (SSS Form No. 252) *  *  * *unless the local board first specifically finds there has been a change in the registrant's status resulting from circumstances over which the registrant had no control.*" [Emphasis added] 32 C.F.R. § 1625.2

In the instant case the local board had mailed an Order to Report for Induction on March 12, 1969, one day before defendant initiated his request for a conscientious objector classification. Thus defendant's classification could only be reopened if the board specifically found that there was a change in his status "resulting from circumstances *over which* *  *  * [he] had no control.*" Defendant predicates his motion upon the "late crystallization" theory which is that if the registrant's conscientious objector beliefs mature after his Order to Report for Induction has been mailed, this is a change in status *over which he had no control* and thus his classification should be reopened by the local board. This theory has been accepted by the Second and Tenth Circuits on the reasoning that "The realization that induction is pending, and that he may soon be asked to take another's life, may cause a young man finally to crystallize and articulate his once vague sentiments." United States v. Gearey, 368 F.2d 144, 150 (2d Cir. 1966); Keene v. United States, 266 F.2d 378, 384 (10th Cir. 1959). However, the majority of the Circuits which have considered the present issue have specifically rejected the "late crystallization" theory and have held that as a matter of law a change in beliefs is not the type of change of circumstances beyond the registrant's control referred to in 32 C.F.R. § 1625.2. United States v. Walker, 424 F.2d 1069 (1st Cir. 1970); United States v. Al-Majied Muhammad, 364 F.2d 223 (4th Cir. 1966); Davis v. United States, 374 F.2d 1 (5th Cir. 1967); United States v. Jennison, 402 F.2d 51 (6th Cir. 1968); United States v. Schoebel, 201 F.2d 31 (7th Cir. 1953); Ehlert v. United States, 422 F.2d 332, 333 (9th Cir. 1970), cert. granted 397 U.S. 1074, 90 S.Ct. 1525, 25 L.Ed.2d 808 (1970). The Eighth Circuit has yet to rule on the late crystallization theory although in at least one instance it was presented with the issue but decided the case on other grounds. United States v. Rundle, 413 F.2d 329, 334 (8th Cir. 1969), see particularly fn. 3, p. 334. In Davis v. United States, 410 F.2d 89 (8th Cir. 1969), the Eighth Circuit court indicated that a rather liberal approach

should be taken by local boards in deciding whether to reopen a registrant's classification based upon a conscientious objector claim made for the first time by that registrant.

The court stated in part:

"A person sincerely claiming to be a conscientious objector whose belief has matured subsequent to an original classification, is most likely to have his sincerity placed in question by the local board. Undoubtedly, where a registrant presents a claim for conscientious objector status when his induction is imminent and when he has already been deferred for other reasons, the board is likely to view his claim and motives with considerable suspicion. Yet moral and religious values are subject to change, particularly as a young man reaches and enters maturity. There is little likelihood that such a person can be afforded a fair hearing without being allowed to personally present his claim." 410 F.2d at 94.

The court in *Davis* noted that the cases relied upon by the government which denied the reopening of registrants' classifications were cases where the requested reopening came after the issuance of an order to report for induction, which was not the case in *Davis*. The court also indicated approval of a Ninth Circuit case which held that a local board is not required to reopen a classification upon a registrant's claim of conscientious objector beliefs if an order to report for induction already had been mailed to the registrant. See Palmer v. United States, 401 F.2d 226 (9th Cir. 1968). Thus since the Eighth Circuit has not to date specifically ruled on the "late crystallization" theory this court gleaning what it can from the above references will follow the reasoning of the majority of the circuits in rejecting

this theory.[1] The court opines that a change in one's beliefs towards wars and fighting is not a change in one's status resulting from circumstances *beyond the control* of that person. In a concurring opinion in Ehlert v. United States, 422 F.2d 332, 335 (9th Cir. 1970), Judge Duniway stated in part:

"The word 'circumstances' indicates to me some fact, act or event external to the mind or consciousness of the registrant, rather than the mysterious and unfathomable internal mental and spiritual processes of the registrant himself. Whether those processes are beyond the registrant's control I leave to the philosophers among us. I think that, whatever the answer to that question may be, they are not *circumstances* beyond his control." 422 F.2d at 334.

It would appear that the regulation must have been and was intended to cover situations where a registrant for instance was stricken with some physical disability after his order to report for induction had been mailed or where there occurred a death in his family which would possibly qualify a registrant for a hardship deferment, or some other similar change in external circumstances which obviously were not within the registrant's control and usually not even capable of anticipation. To allow alleged changes of beliefs to fall within the above proviso is to permit a registrant to suppress any conscientious objector beliefs he may have until all else has failed and then when it appears that induction is definite and all other avenues are precluded by the terms of the Selective Service Regulations, to permit him suddenly to "crystallize" his views. Such would at the least considerably delay his induction by enabling him to go through the local board and the complete appeal process again as from the start. Such tactics might well completely frustrate the Selective Service System and

---

1. The judges of the United States District Court for the District of Minnesota themselves are divided on whether to recognize "late crystallization." See United States v. Kerwin, (D.C.Minn., 1970) 313

F.Supp. 781, Larson, J. recognizing the theory; See United States v. Schmidt, (D.C.Minn., 1970) 313 F.Supp. 456, Lord, J. rejecting the theory.

**426**

would not be consistent with the Congressional purpose for providing exemptions for those categorized as true conscientious objectors.

Defendant's second contention is that by granting him a courtesy interview on April 16, 1969 and by allegedly inquiring into the merits of his conscientious objector claim the local board in effect reopened his classification and thus the outstanding Order to Report for Induction automatically was cancelled. Authority for this proposition may be found in the several cases cited in the brief submitted by defendant's counsel. See, Miller v. United States, 388 F.2d 973 (9th Cir. 1967); United States v. Westphal, 304 F.Supp. 951 (S.D.1969); United States v. Melrose, (S.D.1969) 314 F.Supp. 346. Defendant also has submitted a supplemental brief analyzing the recent decision of the Supreme Court in Mulloy v. United States, 398 U.S. 410, 90 S.Ct. 1766, 1771, 26 L.Ed.2d 362 (June 15, 1970). In *Mulloy* the Court stated in part:

"Where a registrant makes nonfrivolous allegations of facts that have not been previously considered by his board, *and that, if true, would be sufficient under regulation or statute to warrant granting the requested reclassification,* the Board must reopen the registrant's classification unless the truth of these new allegations is conclusively refuted by other reliable information in the registrant's file.

\* \* \* \* \* \*

The Board could not deprive the petitioner of the procedural protections attending reopening by making an evaluative determination of his claim while purportedly declining to reopen his classification."

In *Mulloy* the registrant applied for a conscientious objector classification before his order to report for induction was mailed and thus pursuant to 32 C.F.R. § 1625.2 the Board was compelled to reopen the registrant's classification if new facts were set out which established prima facie a case for a new classifica-

tion. In the instant case if the registrant's local board accepted as being true all of the statements made by defendant, it still could not reopen the classification under 32 C.F.R. § 1625.2 unless there was a change in the registrant's status due to circumstances *beyond his control.* If as a matter of law, which this court has opined is the case, a change in beliefs as to one's opposition to war is not a change of circumstances beyond the registrant's control then the board in the instant case could not reopen defendant's classification even if it accepted all of his statements as being true.

In Miller v. United States, 388 F.2d 973 (9th Cir. 1967), the court expressed similar views to those found in *Mulloy.* In Reisner v. Lonsdorf, 306 F. Supp. 481 (E.D.Mo.1969), the court in commenting on *Miller* stated in part:

"Plaintiff argues, on the authority of Miller v. United States, 9 Cir., 388 F.2d 973, that the mere 'review' of a Selective Service file of itself constitutes a reopening of a registrant's classification. On that premise, he takes the position that having so 're-opened' his classification, defendants were required by Section 1625.14, 32 CFR, to cancel plaintiff's induction notice, and that having failed to perform this ministerial duty, they are subject to mandamus by this Court.

Plaintiff misreads *Miller.* \* \* \*

\* \* \* \* \* \*

In order for a registrant to obtain a change in classification, his request therefor must present facts, not considered when registrant was classified, which *if true* would justify a change. See Sections 1625.2 and 1625.4, 32 CFR. We fail to see how the Board could determine whether 'new facts' had been presented without a 'review' of the file. In the judgment of the Board, the 'new facts' contained in plaintiff's petition to reopen his classification, although accepted as true, would not justify a change in his classification." 306 F.Supp. at 482–483.

The ostensible purpose of the board's granting the defendant a courtesy interview in this case was to determine whether there had been a change in circumstances *beyond his control* which changed his pre-induction status. In order effectively to make this determination the board had first to inquire as to the registrant's past beliefs, his present beliefs and when they changed. The questions asked at this interview may in fact have gone to the merits of defendant's claim but it would indeed be difficult, if not impossible, for the board to separate the inquiry as to change in circumstances from the merits of the claim. The summary of the proceedings at this interview (document #31 in registrant's Selective Service File) does not in any manner indicate that the board questioned the sincerity of defendant's actual beliefs. According to this same summary the board read 32 C.F.R. § 1625.2 to the defendant and told him that the reason for not reopening his classification was that there had been no change in his status resulting from circumstances *over which he had no control.* Thus the board rather than precluding the defendant as a matter of law from showing a change in circumstances beyond his control due to a change in his beliefs, did permit him to explain his views and when these views matured and only after this explanation did the board rule that he did not satisfy the requirements of 32 C.F.R. § 1625.2. In view of this court's position which rejected the "late crystallization" theory, the board's action in the instant case did not constitute a *de facto* reopening of defendant's classification since even if all of defendant's contentions are accepted as being true, he was precluded from obtaining a reopening of his classification after his Order to Report for Induction had been mailed to him.

The court is mindful of the fact that the present state of the law in this particular area is in great flux and that its decision herein may prove to be in error when the Supreme Court decides Ehlert v. United States, *supra*, cert. granted 397

U.S. 1074, 90 S.Ct. 1525, 25 L.Ed.2d 808 (1970), during its next term.

The case at bar is not yet at the trial stage, however, and in denying defendant's motion, the court does not preclude its renewal at the time of trial if the relevant law has become more definite or has changed.