**UNITED STATES of America, Plaintiff,**

v.

**Bruce Edward MURRAY, Defendant.**

**No. 4–70 CR. 83.**

United States District Court, D. Minnesota, Fourth Division.

Jan. 28, 1971.

Robert G. Renner, U. S. Atty., by Thorwald H. Anderson, Asst. U. S. Atty., for plaintiff.

John Remington Graham, Minneapolis, Minn., for defendant.

NEVILLE, District Judge.

In an indictment filed in this court April 10, 1970 it was charged that defendant "did knowingly and wilfully fail and neglect to perform a duty required of him under and in the execution of the Military Selective Service Act of 1967 * * * in that the defendant did fail and neglect to comply with an order of his local board to report for and submit to induction into the armed forces of the United States; in violation of Title 50 Appendix, United States Code, Section 462."

13. See cases cited at note 11, supra.

Defendant pled not guilty and was tried before this court with jury waived.

Defendant registered with his local board February 24, 1967, received a student deferment until October 1968 at which time his current information questionnaire, submitted November 12, 1968, indicated he was no longer a student, was unemployed and had completed one-half year of college. Following his physical examination in February, 1968 where defendant was found acceptable, he was ordered on April 9, 1969 to report for induction on May 15, 1969. Defendant thereupon wrote his local board:

"My recent order for induction has made me realize that I am a Conscientious Objectors [sic]

Please send me forms SSS 150 and 151

Sincerely
Bruce E. Murray"

In submitting his original questionnaire, defendant had left blank the space provided in "Series VIII" wherein a registrant asserts his claim to be a conscientious objector. Defendant's induction date was postponed and on May 22, 1969 he submitted a Form #150 the special selective service form for conscientious objectors. He recited eight years of Catholic grade school and attendance at religious classes while at public school the next four years. "My attitude began to develop here." On inquiry by the local board to State Selective Service Headquarters, the Board was directed and authorized:

1. To postpone registrant's induction date.

2. To invite registrant to a courtesy interview.

3. To consider registrant's entire file.

4. "You must specifically determine if there has been a change in status resulting from circumstances over which the registrant had no control."

5. If the Board after the courtesy interview is of the opinion there

has been no such change, it is directed to make an entry accordingly; otherwise to reclassify registrant.

The courtesy interview was held July 8, 1969. The Board determined there was no change in circumstances beyond registrant's control, that his case should not be reopened and his classification should remain I–A. At the newly designated induction date of August 5, 1969, defendant refused to participate in the induction medical processing. He was advised that his refusal to cooperate in induction processing constituted a felony. He gave a written statement that: "I * * * have refused processing leading to induction because I can no longer comply in [sic] selective service laws * * * any other proceger [sic] would be pointless."

Defendant asserts several defenses, none of which in this court's opinion can be sustained.

■ *First.* The contention that the indictment is in some manner duplicitous, vague or otherwise defective was passed upon and has been disposed of adversely to defendant by this court in its pretrial order of October 7, 1970, denying defendant's pretrial motions.

*Second.* Defendant's assertion that the Military Selective Service Act is unconstitutional was passed on and denied by this court in United States v. Crocker, 294 F.Supp. 776 (D.Minn.1969), aff'd 420 F.2d 307 (8th Cir.), cert. denied 397 U.S. 1011, 90 S.Ct. 1240, 25 L.Ed.2d 424 (1970). Since then the Court of Appeals for the Eighth Circuit has strengthened this view, see United States v. Garrity, 433 F.2d 649 (8th Cir. 1970), by denying the claim that the Viet Nam war is an undeclared war and that therefore draftees cannot be conscripted for it. See also Davi v. Laird, 318 F.Supp. 478 (D.W.Va.1970).

■ *Third.* Defendant contends the Board was bound to reopen his case on submission, after his order for induction, of his request for a conscientious objector classification on Form #150.

This court reviewed the "late crystallization" cases in United States v. Lee, 315 F.Supp. 422 (D.Minn.1970). At that time and to date so far as this court is advised the Eighth Circuit has not passed on the question as to whether the post-induction order claimed realization of conscientious objector beliefs is an event over which a registrant had or has no control within the meaning of 32 C. F.R. § 1625.2 so as to require a local board to reopen the registrant's case and cancel the outstanding induction order. This court recognized that at least two Courts of Appeal which had passed on the issue had reached results contrary to its decision in *Lee* but that the *Lee* decision was following the majority of the circuits. Accordingly this court refused to permit the "late crystallization" theory to be maintained as a defense. The court does not believe now it should change this view in the case at bar. Perhaps soon the United States Supreme Court will speak to the issue, but the current case at bar is nearly a year old and a decision should be made. Clearly this is not a case that comes within the ambit of United States v. Abbott, 425 F.2d 910 (8th Cir. 1970), where the registrant did not make application for a conscientious objector classification while he had a II–S deferment and the court held on its expiration that the assertion of a conscientious objector claim was timely. In the case at bar, defendant's II–S deferment expired in October 1968, his conscientious objector beliefs (if he had such) then became relevant to his classification, but he made no effort to assert or make known such until some six months later and after receipt of his induction order. Such is not a defense to this action.

▇ *Fourth.* Defendant claims that he has a constitutional right, as distinguished from a mere statutory right, to be a conscientious objector under the First Amendment and other constitutional provisions and therefore he can assert such as a defense in a criminal case at any time, including at the trial. Actually at the trial, there being no jury

present, the court over the United States Attorney's objection permitted defendant to testify as an offer of proof as to his conscientious objector beliefs. Obviously defendant wished the court to treat the case as though the question were being presented *de novo*. A witness who substantiated defendant's claim also was permitted to testify over the government's objection. The recent case of United States v. Seeverts, 428 F.2d 467 (8th Cir. 1970), settled this issue, citing in the footnote numerous cases holding that a claim to be a conscientious objector offered at the trial in a criminal case affords no basis for attack upon the validity of the order to report for induction. The court therefore sustains the objections and rejects the offer of proof made by defendant since such evidence is not relevant to the only issue before the court, i. e., whether the board should have reopened defendant's case, thereby cancelling his order for induction and requiring a dismissal of this case.

There is no question in the court's mind that defendant's actions in refusing to submit to induction and to induction processing was knowingly and wilfully done, and the court so finds.

A separate order finding defendant guilty has been entered.